**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | Chapter 7 |
| § | |
| Charles Muszynski § | Case No.: 23-90112 |
| xxx-xx-1273 § | |
| 2810 US Highway 190 West, #100 § | **RESPONSE TO OBJECTIONS OF** |
| Livingston, TX 7735 § | **DEBTOR AND TRUSTEE TO MOTION** |
| § | **FOR (A) RELIEF FROM THE** |
| Debtor. § | **AUTOMATIC STAY AND (B)** |
| § | **INJUNCTIVE RELIEF PURSUANT TO** |
| § | **11 U.S.C. § 105(A)** |
| § | |
| § | |

**RESPONSE TO OBJECTIONS OF DEBTOR AND TRUSTEE TO MOTION FOR (A) RELIEF FROM THE AUTOMATIC STAY AND (B) INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(A)**

**TO THE HONORABLE JOSHUA P. SEARCY**
**UNITED STATES BANKRUTCY JUDGE**

1. Creditors Kerry S. Culpepper, *pro se*, and Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of

the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC (all collectively: "Movie Creditors"), by and through the below counsel, file this Response to the Objections of Debtor [Doc. ##29-30] and Trustee [Doc. #31] in support of their motion [Doc. #17] for relief from the automatic stay.

2.      As explained more fully below, Movie Creditors respectfully submit that the stay relief they request is consistent with the provisions of the Bankruptcy Code and the primary role of the Trustee to investigate a debtor's financial affairs, liquidate estate assets and promote equal treatment of creditors.  Movie Creditors have amply demonstrated that the Debtor has a history of being less than forthright in fully disclosing his assets such as his trusts that continues even in this case.  Time is of the essence in preserving opportunities to preserve the estate for the benefit of all creditors and halt the ongoing diminution of possible estate property such as Debtor's trusts should the Court choose to maintain Debtor's petition despite him having no meaningful connection to this forum.

**I.  Debtor admits that his petition is fraudulent.**

3.      Buried within Debtor's meandering Objection [Doc. #30] are the following key admissions:

(i)     He admits that he gave this honorable Court a false address in Texas as his residence in his petition. *See* Doc. #30 at pp. 58-59 ("…Muszynski used an old Texas address from driver's records…Muszynski's residence is in St. Kitts & Nevis…")

(ii)    He admits that he omitted the names of at least two other trusts (Dusko Popov Irrev. Trust and F. A. Hayek Irrev. Settlements) for which he is a beneficiary from his

2

  petition. *See* Doc. #30 at pp. 267-272 (trustee papers disclosing that he is beneficiary).

(iii) He admits that he falsely included the undersigned (Kerry S. Culpepper) as a creditor[1]. *See* Doc. #30 at 60 ("Mr. Culpepper…has no standing to do so as an individual since Muszynski owes him nothing.") and Doc. #1 but at pg. 77 (Kerry Steven Culpepper is included as Creditor #42).

The Court can perhaps overlook (iii) in view of Debtor's *pro se* status. But (i) and (ii) are so troubling that this Court should strongly consider *sua sponte* dismissing Debtor's petition outright or at least issuing an order to show cause why his petition should not be dismissed. Debtor does not live in Texas. He lives in Nevis. According to him, he does not have US citizenship or even a Visa. *See* Doc. #30-3 at p. 35. According to his petition, Debtor does not own any assets in Texas. None of the judgments against Muszynski are in Texas. From the serve matrix, it does not appear that even any of his creditors are in Texas. Debtor's lack of any meaningful connections with Texas calls into question whether he is even a debtor as provided in 11 U.S.C. §109(a) ("…only a person that resides or has a domicile, a place of business, or property in the United States…may be a debtor under this title.")

**II. Movie Creditors' Lift Stay Motion is not Premature.**

  4. In the Trustee's Objection [Doc. #31], he argues that the lift stay motion is premature. Unfortunately, the Trustee does not recognize the complexity and time sensitive nature of the ongoing litigation between Movie Creditors and Debtor that has involved four other US District Courts (Districts of New Mexico, Colorado, Southern Florida and Puerto Rico) and a Court in a foreign country (Nevis). As stated by Debtor in his objection, the Nevis action is set for a

---

[1] Muszynski listed Kerry S. Culpepper as a creditor in his petition, yet he argues Kerry S. Culpepper could not appear *pro se* because he does not owe Kerry S. Culpepper anything.

3

trial this year. *See* Doc. #30 at p. 8 ("…the Nevis action as it is set for trial…"), p. 29 ("…the Nevis action will head to trial later this year.") and p. 40 ("Nevis' temporary order awaits trial at end of this year…"). It is doubtful that the Nevis Court will even agree to postpone the proceedings based upon Debtor's bankruptcy filing here in the US, particularly since it is against not only Debtor but a Nevis entity AUH2O LLC ("AUH2O") not a party to this bankruptcy proceeding. Debtor adamantly asserts that AUH2O is an entity separate from him. *See* Doc. #30 at p. 25 ("…AUH2O, LLC (it is not Muszynski). AUH2O, LLC owned 1701 Management, LLC (also not Muszynski)."). Debtor has not made a motion in the Nevis Court to stay proceedings based upon his bankruptcy filing here. Rather, from his objection, Debtor appears eager to proceed with the Nevis action. *See* Doc. #30 at p. 32 ("Culpepper…will bear theirs costs and Muszynski's, Culpepper…will be required to personally appear [in Nevis] and a substantial ($100K USD) cash bond to [*sic*] will be required to proceed to ensure Culpepper doesn't cut and run…"). Accordingly, at a minimum the Court should grant Movie Creditors stay relief to proceed with the Nevis litigation since both Debtor and Movie Creditors agree with this point. If not, Movie Creditors will be significantly prejudiced because the Nevis Court would likely dismiss their action for want of prosecution. Their herculean efforts in obtaining the worldwide asset restraint that finally got Debtor to even appear in Court will be all for naught. And Debtor would escape from having to pay Movie Creditors' substantial foreign attorneys' fees the Nevis Court ordered him to pay. The Trustee is free to seek to intervene in the Nevis action to protect the estate's assets if he disbelieves the Movie Creditors' explicit statement that they will proceed for the benefit of the estate.

5. The judgment Movie Creditors obtained against Debtor is also against AUH2O and the Puerto Rican entity 1701 Management LLC ("1701") – another entity which Debtor adamantly

4

argues is separate from him. *See* Doc. #30 at p. 25 (…AUH2O, LLC owned 1701 Management, LLC (also not Muszynski). On Dec. 12, 2022, Movie Creditors sought and obtained writs of garnishments from the S.D. Flo. against Garnishees Buhosabio LLC, Terry Lacy, Dusko Popov Trust, Solzhenitzyn Trust and Antilles LLC pursuant to §77.01 of Florida statutes. *See, e.g.*, Doc. #17-6 at p. 11 (Court restraining Garnishees), Doc. #30 at p. 42 (Debtor complains about the numerous Writs Movie Creditors have obtained in the S.D. Flo. action). However, Movie Creditors only have until Dec. 12, 2023 to file a motion for final judgment against Garnishees, else the "writ[s] shall automatically be dissolved and the garnishee[s] shall be discharged from further liability under the writ." §77.07(5), Flo. Statutes. Indeed, Movie Creditors and Garnishee Terry Lacy were involved in settlement negotiations. *See* Doc. #30 at 42-43 (Debtor describes his view of the negotiations between Movie Creditors and Terry Lacy). Further, Movie Creditors and Buhosabio LLC had begun discussions on a discovery schedule. *See id.* Movie Creditors should be granted relief so that they can conclude discovery with Garnishees in time to seek final judgment before the Dec. 12, 2023 deadline. Here also, the Trustee is free to seek to intervene in the S.D. Flo. action to protect the estate's assets if he disbelieves the Movie Creditors' explicit statement that they will proceed for the benefit of the estate.

6. Moreover, the S.D. Flo. has already held Debtor in contempt for failure to obey Court orders. *See* Doc. #17-5. On May 15, 2023, the S.D. Flo. set an Order to Show Cause hearing for June 1, 2023 on why Debtor should not be held in contempt again for his continued violation of the Court's orders. *See* Doc. #30 at 59 (Debtor complains about the June 1 hearing). However, the S.D. Flo. did not issue a stay order based upon Muszynski's bankruptcy until June 7, 2023. In this situation with competing orders from different Federal Courts, Movie Creditors' counsel concluded that it was prudent to promptly file a motion for stay relief in this Court before the S.D.

Flo.'s June 1, 2023 hearing. Notably, on May 30, 2023, Movie Creditors' counsel informed the Trustee of his intention to file the lift stay motion and asked for the Trustee's position in the same email requesting that the meeting of creditors be continued.  There is no surprise here.

**III.  It is uncontradicted that Debtor and the trusts are dissipating assets in violation of the S.D. Flo. asset restraint injunction.**

7. The Trustee opposes this Court adopting the injunctions of the S.D. Flo. and Nevis Courts ordering Debtor not to dissipate assets and the S.D. Flo.'s Order holding Muszynski in contempt of Court for not fully completing the Florida asset disclosure form.  Respectfully, Movie Creditors assert that Trustee's opposition on this point contradicts his charge to protect the estate for the benefit of all creditors.  For example, Trustee himself argues that Debtor has not answered sufficiently concerning the trusts for which Debtor is a beneficiary.  *See* Doc. #31 at ¶¶8-10. However, the S.D. Flo. already held Debtor in contempt for the exact same contemptuous conduct – failing to fully disclose his assets, namely the trust information.  *See* Doc. #17-6.  By this Court adopting the S.D. Flo. orders as prayed for by Movie Creditors, the Trustee's ability to demand and promptly obtain the information both the Movie Creditors and he seek to ascertain the assets of the estate will be greatly strengthened.  Moreover, the Trustee's concern about "no judicial determination of the validity of any trust or spend thrift provision has been made" is wrong.  This issue is *moot*.  The S.D. Flo. already determined that Buhosabio LLC, Terry Lacy, Dusko Popov Trust, Solzhenitzyn Trust, F.A. Hayek. Irrev. Trust and Antilles LLC are *alter egos* of Debtor, 1701 and AUH2O and subjected these trusts to the asset restraint injunction after a duly noticed evidentiary hearing in which numerous exhibits were admitted[2].  *See* Doc. #17-6 at p.3 ("…Plaintiffs have provided evidence that Muszynski shifted profitable ventures owned by 1701

---

[2] Counsels for Buhosabio LLC and Terry Lacy appeared at this hearing and made arguments against applying the injunction against them that were rejected by the Court.

6

such as WasteWiser to his other controlled entity Buhosabio LLC and placed the bank accounts in the name of Terry Lacy to attempt to conceal his ownership…"). None of Debtor, F.A. Hayek. Irrev. Trust and Dusko Popov Trust appealed the injunction. The issue has further been resolved with respect to F.A. Hayek. Irrev. Trust because the S.D. Flo. Court entered a default judgement against it on May 30, 2023. *Res judicata* applies.

8. Further, Movie Creditors have presented evidence uncontested by Debtor that one of the trusts (F.A. Hayek Irrev. Trust) is dissipating assets in violation of the S.D. Flo. asset restraint injunction by retaining a Florida attorney despite this trust being explicitly named in the injunction. Plaintiffs' counsel has also recently been informed that the Dusko Popov Trust retained the same Florida attorney. Accordingly, both the F.A. Hayek Irrev. Trust and the Dusko Popov Trust of which Debtor is a beneficiary are dissipating assets. Neither the F.A. Hayek Irrev. Trust nor the Dusko Popov Trust obtained a modification of the asset restraint injunction from the S.D. Flo. permitting them to expend funds before they retained the Florida attorney. Neither did Debtor – not from the S.D. Flo. or this Court. Yet Debtor also apparently paid funds from his account to this Court for his bankruptcy petition filing fee. Accordingly, Movie Creditors have shown that Debtor and the F.A. Hayek Irrev. Trust and the Dusko Popov Trust (entities which the S.D. Flo. already determined are *alter egos* of Debtor, 1701 and/or AUH2O) are dissipating assets and that there is a damage of irreparable harm to the estate. In passing, even Debtor seems open to this Court adopting the Nevis and S.D. Flo. orders with respect to him by arguing it would be redundant. *See* Doc. #30 at pp. 34-35 ("…in bankruptcy, an injunction against depletion is automatic anyway and Muszynski has no control over any entity other than his personal assets already in the Estate.").

9. The Trustee's blanket assertion that the ex-wife has priority over any funds Movie Creditors obtain in post-judgment enforcement ignores the fact that the Movie Creditors' judgment is also against 1701 and AUH2O. *See* Doc. #17-2. Accordingly, this conclusion is premature. However, Movie Creditors are willing to let the appropriate Court (this one if Debtor's petition withstands scrutiny despite him having no meaningful connection with Texas) decide which portion of recovered funds are the estate of debtor and which are of 1701 and AUH2O or if they all are estate funds.

10. The Trustee complains about the Motion to Lift Stay referring to Waste Resources LLC and Antilles Management, LLC. *See* Doc. #31 at ¶12. Movie Creditors obtained a default judgment against the Debtor-managed entity Waste Resources LLC in S.D. Flo. Antilles Management LLC is another entity controlled by Debtor that he did not disclose in his petition. These two points can be established by evidence during the lift stay hearing. However, the dearth of Trustee's knowledge of Debtor's affairs proves Movie Creditors' point – the stay should be lifted so they can use their detailed knowledge of Debtor's affairs to continue their actions - *throughout the world* against Debtor.

**IV. Movie Creditors' request for a stay and injunction was consistent with local rules §362(d).**

11. The Trustee asserts that Movie creditors have "combined various separate requests for relief into one Motion in violation of the Local Rules". Obj. at 2. However, §362(d) permits this Court to "grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, *modifying, or conditioning such stay*…". The stay relief this Court can grant is allowing the Movie Creditors to continue in their actions that will result in funds for the benefit of the estate and modify or condition the automatic stay to adopt the contempt orders and

injunctions of the S.D. Flo. and Nevis Courts.  It would not be an efficient use of judicial resources for the Movie Creditors to file the same motion again under § 105(A).

**V.  The S.D. Flo. has already ruled that Debtor's copyright and trademark infringements were willful.**

12. Debtor argues the Judgement of the S.D. Flo. is dischargeable because it did not find that his conduct was willful.  Debtor is wrong.  The Opinion of the S.D. Flo. granting default judgment states that "…LiquidVPN Defendants **willfully** contributed to and induced infringement of the Works by promoting their service as Popcorn Time VPN for **blatant piracy**…LiquidVPN Defendants have **intentionally** used Plaintiff 42's Mark Popcorn Time…to promote their VPN service to use the piracy application Popcorn Time."  Doc. #17-2 at pp. 14-15 (emphasis added).  The Order granted maximum statutory damages of $150,000/Work for copyright infringement, maximum statutory damages of $25,000/altered CMI for DMCA violations and high statutory damages of $200,000 for trademark infringement – all in the range of willful conduct provided by 17 USC §§504(c)(2) and 1203(c)(3)(B) and 15 U.S.C. §1117 (c)(2).

13. This Court has already recognized that a judgment for statutory damages arising from willful copyright infringement establish "…as a matter of law, a "willful and malicious injury" … so as to render the Federal Court Judgment against the Defendant nondischargeable under §523(a)(6)." *Schnell v. Schnell,* Nos. 14-41478, 14-4081, 2015 Bankr. LEXIS 2461, at *22-23 (Bankr. E.D. Tex. July 27, 2015).  Accordingly, the judgment for willful copyright and trademark infringement is not dischargeable.

**VI.  Movie Creditors' joinder with Culpepper's *pro se* motion was proper.**

14. The Debtor's objection to joinder based upon the argument that the undersigned could not appear *pro se* is wrong because Debtor included undersigned personally as a Creditor in

his petition. The Debtor's argument that the undersigned cannot appear as *pro hac vice* counsel of 42 Ventures, LLC and Culpepper IP, LLC is meritless. The Trustee objects to joinder but presents no arguments against joinder.

## VII.  Conclusion

For the foregoing, Movie Creditors' Motion for an Order granting relief from the automatic stay and adopting the orders of the Southern District of Florida and Nevis should be granted.

DATED: Kailua-Kona, Hawaii, June 15, 2023.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Pro Se*
*Admitted Pro Hac Vice*
Attorney for Creditors Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I caused a copy of the foregoing to be served upon the entities in the Amended Mailing Matrix [Doc. #15].

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com