**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 7 |
| Charles Muszynski<br>xxx-xx-1273<br>2810 US Highway 190 West, #100<br>Livingston, TX 7735<br><br>　　　　　Debtor. | § § § § § § § § § § § | Case No.: 23-90112<br><br>**MOTION TO DISMISS BAD FAITH BANKRUPTCY CASE WITH PREJUDICE FOR TWELVE MONTHS, AND FOR AN AWARD OF ATTORNEY'S FEES** |

**MOTION TO DISMISS BAD FAITH BANKRUPTCY CASE WITH PREJUDICE FOR TWELVE MONTHS, AND FOR AN AWARD OF ATTORNEY'S FEES**

**14-DAY NEGATIVE NOTICE – LBR 1017(b):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE JOSHUA P. SEARCY**
**UNITED STATES BANKRUTCY JUDGE**

      1.      Creditors Kerry S. Culpepper, *pro se*, Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC (all collectively: "Movie Creditors"), by and through the below counsel, pursuant to 11 U.S.C. § 707(a), file this motion to dismiss the petition of Debtor Muszynski ("Debtor") with prejudice to re-filing for twelve months for cause and alternatively pursuant to BR 1014(a)(2) for improper venue. Movie Creditors (with exception of Kerry Culpepper and Culpepper IP, LLLC) are Plaintiffs/Judgment Creditors were awarded a $15,000,000 plus money judgment in a civil action in the Southern District of Florida entitled *Millennium Funding, Inc. et al v. 1701 Management, LLC. et al*, 21-cv-20862-BB (D. S.D. Fla.) (the "S.D. Fla. Action") and Plaintiffs in the civil action the Federation of Saint Christopher & Nevis High Court of Justice Nevis Circuit action entitled *Millennium Funding, Inc. et al v.*

2

*AUH2O LLC and Charles Muszynski a/k/a/ Frederick Douglas*, NEVHCV2022/0183(the "Nevis Action") seeking to recognize the S.D. Fla. Action in Nevis. *See* Doc. #17-1 at ¶¶3-4 and 10-13.

2. Debtor's petition is a bad faith bankruptcy filed on May 11, 2023, the day before the magistrate judge in the S.D. Fla. Action held a show cause hearing on why default judgment should not be entered against Debtor's trust F.A. Hayek Irrev. Settlement trust and its trustees Jan Dash, Grant Thornton, Southpac Trust Limited and Southpac Trust Nevis Limited on writs of garnishment. *See id.* at ¶17. The petition was also filed shortly before an Order to Show Cause hearing was ordered on May 15, 2023 in the S.D. Fla. Action on why Debtor should not be arrested for contempt of court for failing to disclose the information on the trusts for which he is a beneficiary and the corporate documents for AUH2O LLC despite previously being held in contempt of court and being fined $500/day. *See id.* at ¶30.

3. Due to the bankruptcy filing, Debtor has delayed disclosing the information concerning the trusts for which he lives a luxurious lifestyle and has undoubtedly used this delay to further conceal his ownership interests. Emboldened, Debtor has continued the same flagrant conduct here. Namely, Debtor has refused to disclose the information on the trusts for which he is a beneficiary and the names of companies for which he is an officer in his petition. Debtor has even failed to timely pay the petition fees as ordered by this Court. *See* Ex. "1". Debtor has sent Movie Creditors' counsel improper, abusive, and baseless requests for productions of documents that even request personal information about Movie Creditors' counsel. *See* Ex. "2".

**I. Brief Factual Background**

4. On May 12, 2023, Debtor filed his petition. *See* Doc. #1. In part 11, question 27, Debtor checked "YES" to indicate that within previous four years he was/is an officer, director, managing executive of a corporation.

[Form excerpt: Part 11: Give Details About Your Business or Connections to Any Business. Question 27 with "An officer, director, or managing executive of a corporation" checked, and "Yes. Check all that apply above and fill in the details below for each business." checked.]

5. However, Debtor left blank the box below this question requiring him to complete details about each business for which he is an officer.

[Form excerpt: blank Business Name, Number Street, City State ZIP Code, Name of accountant or bookkeeper, EIN, Dates business existed From / To fields.]

6. In part 4, question 25, Debtor checked "YES" to indicate that he had interests in trusts. However, he failed to disclose full information about these trusts.

[Form excerpt: Question 25. Trusts, equitable or future interests in property... "Yes. Give specific information about them" checked with statement: "I am a beneficiary of a trust and, upon making application, may be granted money for my personal health and maintenance if qualified by spendthrift provision and trustee's approval." $ 0.00]

7. On May 15, 2023, the Court ordered Debtor to pay the petition fee in installment payments. *See* Doc. #8. A second payment of $84.50 was due by July 10, 2023. As of the date of this motion, the docket does not show that this fee was paid.

8. On May 31, 2023, Creditor Culpepper filed his *pro se* motion for stay relief. *See* Doc. #17

9. On June 1, 2023, the Trustee held a meeting of the creditors.

10. On June 12, 2023, Debtor paid a first installment of $84.50.

4

11.     On June 28, 2023, the Movie Creditors joined Culpepper's motion for stay relief. *See* Doc. #23.

12.     On June 30, 2023, this Court held a preliminary hearing on Movie Creditors' motion for stay relief. *See* Doc. #40. The Court set an evidentiary hearing for Aug. 22, 2023. *See id.*

13.     On July 5, 2023, this Court issued an order to show cause ("OSC") why Debtor's petition should not be dismissed. *See* Doc. #41.

14.     On July 14, 2023, Trustee filed a notice of withdrawal of his objection to Movie Creditors' Motion for Stay Relief. *See* Doc. #48.

15.     On July 17, 2023, Debtor emailed to Movie Creditors' counsel 51 requests for production of documents including baseless and irrelevant requests pertaining to Movie Creditors' counsel's international travel (#19), Movie Creditors' attorney client agreement with their Nevis local counsel (#36), Movie Creditors' attorney client agreement with their Fla. local counsel (#35), and Movie Creditors' attorney client agreement with Movie Creditors' counsel (#34). Debtor even attempts to obtain information pertaining to the Nevis action (#28). *See* Ex. "2"

16.     As of the day of this Motion, Debtor has failed to pay the second installment of $84.50 that was due by July 10, 2023.

## II.  Legal Standard

17.     Pursuant to 11 U.S.C. § 707(a), the Court "may dismiss a case under this chapter ... for cause." "Cause" is a broad concept, designed to "afford flexibility to the bankruptcy courts." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). §707(a)(1)-(2) specifies "(1) unreasonably delay…prejudicial to creditors" and "nonpayment of fees or charges required under chapter 123 of title 28".

18.     Bankruptcy Rule 1008 mandates that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain a sworn declaration as provided in 28 U.S.C. § 1746."  Rule 1008 requires debtors to sign all documents "as a means of not only authorizing the filing of those documents, but of verifying, under penalty of perjury, that they have reviewed the information contained therein and that it is true and correct to the best of their knowledge, information and belief." *In re Bradley*, 495 B.R. 747, 778 (Bankr. S.D. Tex. 2013) (citing *Briggs v. LaBarge* (*In re Phillips*), 317 B.R. 518, 523 (B.A.P. 8th Cir. 2004); *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D. Va. 2002)).

### III. Argument

19.     **Failure to Pay Fee.** Debtor has failed to pay the fees required by chapter 123 of title 128 and this Court's Order [Doc. #8] of May 15, 2023 ordering him to pay the installment fee by July 10, 2023.  Accordingly, the Court may dismiss this petition per § 707(a)(2).

20.     **Failure to disclose information on assets.** Debtor has failed to fully disclose the information for his trusts and the businesses for which he is an officer as required by question 25 of part 4 and question 27 of part 11 of the petition. This delay has been unreasonable particularly in view of the contempt order in the S.D. Fla. action against Debtor for the same conduct. *See* Doc. # The delay has been prejudicial to creditors because they are unable to fully ascertain the scope of Debtor's assets and thus the bankruptcy estate.  Accordingly, the Court may dismiss this petition per § 707(a)(1).

21.     **Debtor filed this petition in bad faith.**  Besides failing to fully answer questions to disclose his assets as discussed above, Debtor has admitted to using addresses in Texas of a mailbox and a friend rather than his real address in his petition.  *See* Doc. #30 at pp. 58-59 ("…Muszynski used an old Texas address from driver's records…Muszynski's residence is in St.

Kitts & Nevis…"); Doc. #38 at ¶4; Doc. ## 41.  This conduct is particularly egregious because Debtor filed a change of address to an address in Livingston, Texas on May 30, 2023, yet another false address.  *See* Doc. #14.  Debtor's bad faith is further evidence because the petition was filed the day before the OSC hearing in S.D. Fla.  *See* Doc. #17-1 at ¶17.  Moreover, Debtor has attempted to use his petition as a vehicle to seek irrelevant, abusive and harassing discovery from Movie Creditors and Movie Creditors' counsel.  *See* Ex. "2".  The totality of the circumstances clearly indicate that Debtor filed this petition in bad faith to mislead this Court.  *See In re Thalmann,* 469 B.R. 677, 681 (Bankr. S.D. Tex. 2012), *In re Russell*, 348 B.R. 441, 448 (Bankr. S.D. Tex. 2006) (factors considered in determining cause in chapter 13 context are whether the inaccuracies were an attempt to mislead the court).

22.     **A transfer is not in the interest of justice.**  In this Court' OSC, it indicates that it was considering a transfer to another district.  *See* Doc. #41 at p. 3.  Such a transfer would not be in the interests of justice due to Debtor's bad faith and further in the fact that only $10 (ten dollars) at most is in the Southern District of Texas.  The valuable resources of the trustee and Court in S.D. Tex. should not be wasted on a bad faith bankruptcy and a ten-dollar estate.

23.     **Dismissal with prejudice to avoid serial filings.** Debtor will likely abuse the bankruptcy process again by filing another bankruptcy in a different district to stop a contempt hearing or hinder Movie Creditors from proceeding in the Nevis action.  To avoid such an unjust result, the Court should dismiss the bankruptcy case with prejudice to refiling for no fewer than twelve months. *See* 11 U.S.C. §§707(b) and (c); 109(g) (refiling barred for 180 days), and 349(a). 11 U.S.C. §109(g)(1) bars a debtor from filing a new bankruptcy case for 180 days if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case," while dismissal with prejudice "for

7

cause" under § 349(a) is broader and "provide[s] bankruptcy courts with the power to sanction bad faith serial filers by forbidding further bankruptcy filings for longer than 180-day periods (the time period specified by § 109(g))" *In re Jordan*, 598 B.R. 396, 410 (Bankr. E.D. La. 2019).

24. **Request for Damages and Attorney's Fees**. Movie Creditors ask the Court to award them attorney's fees sustained as a result of this bad faith bankruptcy case pursuant to 11 U.S.C. §105(a) and B.R. 9011 (no 21-day safe harbor if the conduct allegedly in violation of BR 9011 is the filing of a petition). Movie Creditors' counsel can provide a declaration detailing his attorney's fees and costs.

## IV. Conclusion

25. For the foregoing, Movie Creditors pray for an Order dismissing Debtor's petition with prejudice to refiling for 12 months and awarding Movie Creditors attorney's fees as a result of Debtor's bad faith bankruptcy filing.

DATED: Kailua-Kona, Hawaii, July 25, 2023.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Pro Se*
*Admitted Pro Hac Vice*
Attorney for Creditors Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I caused a copy of the foregoing to be served upon the entities in the attached Amended Mailing Matrix.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com