# EXHIBIT 1

## DEFINITIONS

1. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events) or otherwise from the initiation of underlying litigation in the S.D. FL action on 3 March 2021.

2. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

3. The word "document" shall mean any writing, communication, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subject identified below or to any other matter relevant to the issues in the action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

4. The term ESI" is "Electronically Stored Information," as used herein, and means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices, phones, or media. Non-limiting examples of ESI include:

• Digital Communications (e.g., e-mail, voice mail, instant messaging, tweets, etc.);
• E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);
• Word Processed Documents (e.g., Word or WordPerfect files and drafts);
• Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
• Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
• Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
• Contact and Relationship Management Data (e.g., Outlook, ACT!);
• Calendar and Diary Application Data (e.g., Outlook PST, blog entries);
• Backup and Archival Files (e.g., Veritas, Zip, .GHO).

5. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8. The term "third party" or "third parties" refers to individuals or entities that are not a party to the action.

9. The term "correspondence" includes all letters, telegrams, notices, messages, emails, written conferences, notes, or other documents referencing oral communications.

10. The term "communication" shall mean both oral and written communication, or the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

11. The term "Creditor(s)", means any employees, agents, attorneys, representatives or other persons acting on their behalf.

12. Instructions: (a) Unless otherwise specified, the applicable time period is from 3 March 2021 through present. (b) If in your possession, custody, or control, produce the originals of all documents called for, as well as any and all copies of the documents which bear any mark or notation not present on the original. (c) In producing documents called for, segregate the documents so as to identify the numbered request to which each such document(s) responds. (d) If you once had any documents called for herein which have since been destroyed or otherwise disposed, so indicate and describe the documents by date, author(s), address(ees), and general subject matter. (e) If you once had any documents called for herein, but no longer do, so indicate and describe the documents by date, author(s), address(es), and general subject matter, and indicate the name and address of the person or entity who has possession, control or custody, or who was last known to have possession, control or custody of the document. (f) For each such document that is responsive to this request and which is sought to be withheld under a claim of privilege, the following information shall be provided: (i) The place, date (or approximate date) and the manner of record or otherwise preparing the document; (ii) The name and title of the sender and the name and title of the recipient of the document; (iii) A description of the subject of the document; (iv) The identity of each person or persons (other than stenographic or clerical assistance) participating in the preparation of the documents; (v) The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of such said communication, and the employer and title of the person at the time of said communication; (vi) A statement of the basis on which privilege is claimed; and (vii) The identity and title of the person or persons supplying counsel with the information requested in subsections (i) through (vii) above. (g) All documents produced in response to their request shall be produced in total notwithstanding the fact that portions may contain information not requested. (h) For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner so as to preserve and identify the file from which such documents were taken.

## REQUESTS

1. Any/all Certificates of Existence confirming ownership and legitimacy of each of the "Movie company" Creditors alleged to exist and appearing as "Creditor", represented by CulpepperIP, LLLC in the case styled: Millennium Funding, Inc. v. 1701 Management, LLC. (1:21-cv-20862) District Court, S.D. Florida and appearing as "creditors";

2. Any/all documents confirming the officers, managers, and/or members for each "Movie company" Creditor entity since 1 March 2021;

3. Any/all documents evidencing any/all persons having authority to contract on behalf of each "Movie company" Creditor since 1 March 2021;

4. Any/all documents evidencing engagement(s) between any alleged "Movie company" Creditors and CulpepperIP, LLLC related to the instant matter and/or the underlying S.D. Miami case since 1 March 2021;

5. Any/all documents regarding ownership by Kerry Culpepper in "Movie company" Creditors personally since 1 March 2021;

6. Any/all documents regarding ownership by CulpepperIP, LLC in "Movie company" Creditors since 1 March 2021;

7. Any/all documents regarding ownership by any entity and/or individual involving CulpepperIP and/or Kerry Culpepper individually in "Movie company" Creditors since 1 March 2021;

8. Any/all documents regarding any/all "movie company" Creditors regarding joinder as stated in Creditors' June 28, 2023 motion for stay relief in which "movie company" Creditors joined Culpepper's pro se motion for stay relief, see Doc. #23;

9. Any/all documents between Bankruptcy Trustee Zayler and Kerry Culpepper, individually;

10. Any/all documents and/or communications between Bankruptcy Trustee Zayler and CulpepperIP, LLLC;

11. Any/all documents and/or communications between Bankruptcy Trustee Zayler and "movie company" Creditors and Bankruptcy Trustee Zayler;

12. Any/all documents and/or communications between Kerry Culpepper and any other party (parties) listed on the Creditor Matrix, including all updates;

13. Any/all documents and/or communications between any party (parties) listed on the Creditor Matrix and CulpepperIP, LLLC;

14. Any/all documents and/or communications between any party (parties) and Kerry Culpepper, individually, and/or CulpepperIP, LLC, regarding alleged "trusts", "LLCs", "corporations", or other entities allegedly related to Debtor;

15. Any/all documentation proving Kerry Culpepper, individually and/or CulpepperIP, LLC was involved in "international travel" preventing attendance by him or a representative at Debtor's 341(a) Meeting held on "1 June 2023", see Doc. 44;

16. Any/all documents between CulpepperIP, LLLC and any/all parties receiving writs of garnishment regarding Debtor;

17. Any/all documents related to subpoenas and/or responses related to collection actions by "movie company" Creditors, CulpepperIP, LLLC Creditor, and/or Kerry Culpepper, individually;

18. Any/all documents related to trusts allegedly related to Charles Muszynski as referenced in the stay lift and other "movie company" Creditor filings;

19. Any/all documents and/or communications between Debtor and any/all US tax preparers and/or CPAs.

20. All/all documents such as, but not limited to, writs, collection actions, and/or filings related to post judgment actions against Debtor in any other District or international action;

21. Any/all documents related to the writ of garnishment and default judgment settlement agreement with SouthPac of Cook Islands and/or Nevis;

22. Any/all correspondence related to third party communications with media sources of any type regarding Debtor – such as "The Hollywood Reporter", "Variety", tech blogs, and/or any other publicity efforts by "Movie company" Creditors and/or their representation intended to make Debtor a "public figure";

23. Any/all documents and/or correspondence related to collection efforts in the Federation of St. Christopher and Nevis;

24. Any/all documents related to "Movie company" Creditors' and their representative's claims in Doc. #23 that establish their basis for allegations that: "…the Debtor, Charles Muszynski ("Muszynski"), his co-defendants, 1701Management LLC ("1701"), and AUH20 LLC ("AUH20") and the entities Muszynski controls including but not limited to Waste Resources LLC (New Mexico); F.A Hayek Irrev. Settlement Trust; The Dusko Popov Irrev. Trust (Nevis); and Antilles Management LLC" are "…depleting estate assets or moving estate assets outside of the jurisdiction of the United States pursuant to this Court's equitable powers under 11 U.S.C. § 105(a)."

25. Any/all documents related to "movie company" Creditors' and their representative's claims in Doc. #23, attempting to establish any basis for allegations therein that Debtor has any control, ownership, direction, or involvement in any of the entities listed in Doc. 23 and/or any other entities variously alleged throughout their collection actions (such as Glo-Jet, Glo-Jet International, Federal Minerals, etc.);

26. Any/all documents establishing that Debtor has any assets or property other than that reported in his initial filing with the E.D. Bankruptcy Court;

27. Any/all documents provided to the Bankruptcy Trustee, Stephen Zayler;

28. Transcripts of any/all hearings related to the S.D. Miami related to Case No.: 21-cv-20862-BB, discovery hearings before Federal Magistrate Judge Alicia M. Otazo-Reyes conducted on

April 11, 2023 and May 12, 2023 wherein "Movie company" Creditors' representation discusses obtaining Debtors federal tax returns for 2018 and 2019 and requests the Court require production of additional returns;

29. Any/all retainer agreements between CulpepperIP, LLLC and "movie company" Creditors;

30. Any/all retainer agreements between "movie company" Creditors and SRIPLAW, Inc., of Florida;

31. Any/All retainer agreements between "movie company" Creditors and the Rowe & Rowe law firm retained in the collection action in St. Christopher and Nevis;

32. Any/all documents related to Trevor Short, a resident and domiciliary of Nevada, as they relate to the ownership of "movie company" Creditor companies;

33. Any/all documents related to Avi Lerner, a resident and domiciliary of Nevada, as they relate to the ownership of "movie company" Creditor companies;

34. Any/all participation/champerty agreement(s) between CulpepperIP, LLLC and any entity(ies) related to the collection action;

35. Any/all participation/champerty agreement(s) between SRIPLAW, Inc., and any entity(ies) related to the collection action;

36. Any/all documents responsive to subpoenas to third-parties in attempted collection actions related to Debtor;

37. Any/all documents related settlements/discovery involving David Cox, SMR Hosting, LLC, SMR Hosting, Inc., Marcia Waddell, Michael Gamache, Robert Pola, Talismark, and/or any other individual and/or entity previously or currently in receipt of a writ of garnishment, default writ of garnishment, and/or subpoena;

38. Any/all documents related to initial service made to Debtor in the underlying S.D. Miami matter;

39. Any/all documents related to "Rule 11" motions you have submitted against opposing counsels;

40. Any/all documents related to "Rule 11" motions opposing counsel(s) have submitted against you.