FILED
U.S. BANKRUPTCY
COURT
2023 AUG 11   AM 10:09
CLERK, U.S. BANKRUPTCY
COURT
BY._____DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES MUSZYNSKI | § | |
| xxx-xx-1273 | § | Case No. 23-90112 |
| 855 Forrester Street, Silsbee, TX 77656 | § | |
| | § | |
| Debtor | § | Chapter 7 |

### NOTICE OF FILING IN S.D.FL
### MOTION FOR CLARIFICATION

Whereas Debtor has attempted to resolve through meet and confer with "movie company" Creditors, the basis for its claims of Debtor's status of "contempt", "sanctions", and allegations of Debtor's pending "arrest", and;

Whereas Debtor was unable to satisfactorily obtain clarification from "movie company" Creditor's counsel regarding same, and;

Whereas the remaining option was to request the S.D.FL Court's clarification instead,

Debtor herewith provides a copy of the request made to the S.D.FL Court, sent via FedEx today.

**WHEREFORE**, the Debtor respectfully requests that this honorable Court include the attached notice, "EXHIBIT 1", in this Court's record.

### CERTIFICATE OF SERVICE

Signed and dated 9 August 2023, and sent via FedEx for electronic posting to all other parties, to:

US Bankruptcy Court
Attn: Ms. Brittney
300 Willow Street, Suite 100
Beaumont, TX 77701.

Charles Muszynski
P.O. Box 1423
Basseterre
St. Kitts & Nevis
usfilefolder@protonmail.com

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

## Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

      **Plaintiff**

vs.

**1701 MANAGEMENT LLC, et al.,**

      **Defendants.**

_____/

## EXPEDITED MOTION REQUESTING CLARIFICATION RELATING TO ORDERS FOR CONTEMPT, ARREST, LIFTING INJUNCTIONS

      Whereas Defendant Muszynski appears and respectfully requests clarification, if possible, by 18 August 2023 to adequately meet filing requirements in the E.D. Texas (EDTX) bankruptcy hearing set for 22 August 2023, and having appeared pro se in EDTX, Defendant's filings require enough time to reach the mainland U.S. Court in Texas, hence the suggested date, and;

      Whereas a stay is in place due to Defendant's bankruptcy in EDTX, yet a new action by Debtor should not be problematic as it merely requests clarification from the Court, no other action is requested, and a meet and confer with opposing counsel was indeterminate, and;

      Whereas Plaintiffs' counsels, Mr. Rothman and Mr. Culpepper, enter filings in EDTX alleging Defendant (Debtor, therein) is in eminent jeopardy of arrest and sanction by this Court, Defendant asks this Court to consider the following and provide clarification for all parties:

      1. Prudence requires Defendant seek clarification from this Court in order to present <u>facts</u> in the EDTX proceeding regarding Plaintiffs' counsel's characterizations of this Court's rulings.

2. When this Court accepted Defendant's timely and complete compliance with its Orders, Plaintiffs' four motions asking for "contempt" became moot, and the restraint and enjoinment entered against Defendant were removed per ECF #399, 8, IV, ¶(1) which stated:

> "Judgment Debtors 1701 Management LLC, AUH2O LLC and Charles Muszynski and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Judgment Debtor having notice of this Order are restrained and enjoined <u>until further order from this Court</u>…" (emphasis added).

3. As the Order's restraint and enjoinment only existed until a further order entered by the Court, after Judgment Debtors' submission of completed forms in [ECF #399, pg.10, IV, ¶(10)]:

> "This Order shall remain in effect from the date of entry of this Order until further order of this Court to be <u>entered after each Judgment Debtor submits completed Forms 1.977 to Plaintiffs' counsel and this Court concludes that those forms are complete and accurate</u>."; (emphasis added).

Then, therefore, the Order on 11 April 2023, in ECF #457 pg. 3, ¶ (3) stated:

> "In light of the foregoing, the undersigned suspends Plaintiffs' request for a finding of contempt against Muszynski, 1701, and AUH20, pending Muszynski compliance with this Order. Nevertheless, the $500 per day fine imposed by the Court's January 24, 2023, Order [D.E. 368] continues to accumulate unless and until Muszynski 1701, and AUH20 seek relief after full compliance with this Order."

And upon timely performance by Debtors, "accepted" by the Court, the 12 May 2023 Order, ECF #483, pg. 2, ¶ (3) stated:

> "ORDERED AND ADJUGED that Mr. Muszynski's responses to Plaintiffs' Second Requests for Production Nos. 6 and 13 that he has no documents responsive to those requests are accepted as sufficient."

4. The "…further order of this Court" was entered [ECF #483] after the 12 May 2023 Show Cause Hearing attended by Debtor, Plaintiffs' counsels Kerry Culpepper and Mr. Rothman's associate, wherein Magistrate Judge Otazo-Reyes accepted Defendants' timely submissions as complete and accurate and, after further querying Plaintiffs' counsel Culpepper asking: "Mr. Culpepper, do you have any other questions of Mr. Muszynski?", to which Mr. Culpepper responded: "No.", the Court entered its Order; (Debtor's notes).

5. Due to Plaintiffs' counsels' filings in EDTX Court, Defendant requires clarification of this Court's Order in ECF #483 regarding its acceptance of Defendants' compliance (Debtor also

timely submitted responses to the Court Clerk) and consequent Order retroactively removing the injunction prior pending since 9 February 2023, [ECF No. #399]. Based on the Court's order in ECF #399 and the Court's acceptances in ECF #482, all restraints and enjoinments were lifted and only the stay subsequently issued has prevented Debtor from requesting discharge of the prior fines upon Defendant Muszynski and the "alter egos" alleged by Plaintiffs.

     6. Clarification is necessary to correct the record in EDTX and preserve the integrity of the proceedings in other federal and international courts and in international print media such as "Variety", "The Hollywood Reporter", and world-wide industry blogs (due to Plaintiffs' PR orchestrations against Defendant) where willful misrepresentations of Plaintiffs' and their counsels degrade the record's integrity and dignity of forums.

     7. The S.D. FL docket history indicates that, after Defendant was permitted to appear pro se, at no time subsequent was he held in "contempt", warned, reprimanded, or in jeopardy of "arrest" for failure to comply with any Court Order. Since the retroactive lift of injunctions on 12 May 2023, no basis has existed for any claim Defendant Muszynski engaged in "emboldened behavior", was in "contempt", was subject to "pending arrest", or was to be "sanctioned", therefore, a claim otherwise is either a knowingly willful fabrication or grossly ignorant of the proceedings.

     8. Plaintiffs' counsel Culpepper's filings in EDTX claim Defendant is in "contempt", in jeopardy of "arrest", and engaged in "emboldened behaviour" by filing his application for bankruptcy to "avoid arrest" this, despite Muszynski's full compliance in S.D. FL's Court. Plaintiffs are using misrepresentations of filings in S.D. FL action to claim "evidence of Muszynski's bad faith filing" in EDTX is a contrivance of Muszynski's made to avoid imminent "arrest" by the S.D. FL Court. However, the word "arrest" does not appear in S.D. FL Order, and present only in Mr. Rothman's and Mr. Culpepper's recurring and for all practical purposes, irrelevant motions for "contempt".

     9. Plaintiffs' representations to EDTX Court partially include:

9.1)   31 May 2023, ECF #17: Motion for Relief from Automatic Stay WITHOUT Waiver of 30 Day Hearing Requirement and Injunctive Relief Pursuant to 11 U.S.C. §105(A):

     a. Page 3, ¶1: "…betraying that he is a sophisticated businessman with substantial assets to make whole his creditors.";

     b. Page 3, ¶3: "Since the issuance of that judgment, the Debtor has nonetheless defied the District Court by failing to make accurate disclosures regarding his

financial affairs, malfeasance which has resulted in a finding of contempt which remains unpurged.";

c. Page 3, ¶3: Of particular note, the Debtor's assets – i.e., the estate's assets – are also subject to a universal asset freeze pursuant to decrees of the District Court...";

d. Page 4, ¶1: "...to take those actions necessary to enforce the universal injunctions issued by the District Court...";

e. Page 4, ¶2: "...the Debtor's past misconduct plainly shows that its malfeasance will simply continue post-petition...";

f. Page 4, ¶3: "...Additionally, Movants request that the Court enter an order, pursuant to 11 U.S.C. § 105(d), adopting the District Court...injunction...";

g. Page 7, ¶, ¶3: "On January 24, 2023, District Court Judge Bloom entered her *Order Adopting Magistrate Judge's Report and Recommendations.* See Ex. "D". To date, none of the Judgment Debtors, including the Debtor has purged their contempt."

h. Page 8, ¶3: "Despite being held in contempt of court on February 9, 2023 by Judge Bloom, Debtor steadfastly refuses to disclose information on trusts for which he is a beneficiary and that own AUH2O in compliance with the original order for which he is in contempt."

i. Page 10, ¶1: "Second, the Debtor's perfunctory, facially implausible, and bad faith bankruptcy filing serves no purpose other than to improperly frustrate his creditors' collection efforts.";

j. Page 11, ¶2: "In addition to stay relief, Movants submit that the Court should adopt the District Court Injunction...";

9.2)  15 June 2023, ECF #34: Response to Objections of Debtor and Trustee to Motion for (A) Relief From the Automatic Stay and (B) Injunctive Relief Pursuant to 11 U.S.C. § 105(A):

k. Page 2, ¶2: "Movie Creditors have amply demonstrated that the Debtor has a history of being less than forthright in fully disclosing his assets such as his trusts that continues even in this case.";

l. Page 5, ¶6: "6. Moreover, the S.D. Flo. has already held Debtor in contempt for failure to obey Court orders. See Doc. #17-5. On May 15, 2023, the S.D. Flo. set an Order to Show Cause hearing for June 1, 2023 on why Debtor should not be held in contempt again for his continued violation of the Court's orders.";

m. Page 6, ¶7: "...ordering Debtor not to dissipate assets and the S.D. Flo.'s Order holding Muszynski in contempt of Court for not fully completing the Florida asset disclosure form.";

n. Page 6, ¶7: "However, the S.D. Flo. already held Debtor in contempt for the exact same contemptuous conduct – failing to fully disclose his assets, namely the trust information.";

o. Page 8, ¶11: "...adopt the contempt orders and injunctions of the S.D. Flo...";

9.3)  25 July 2023; ECF #51: Motion to Dismiss Bad Faith Bankruptcy Case With Prejudice for Twelve Months, and for an Award of Attorney's Fees:

    a. <u>Page 3, ¶2</u>: "2. Debtor's petition is a bad faith bankruptcy filed on May 11, 2023, the day before the magistrate judge in the S.D. Fla. Action held a show cause hearing on why default judgment should not be entered...." And "The petition was also filed shortly before an Order to Show Cause hearing was ordered on May 15, 2023 in the S.D. Fla. Action on why Debtor should not be arrested for contempt of court for failing to disclose the information on the trusts for which he is a beneficiary and the corporate documents for AUH2O LLC despite previously being held in contempt of court and being fined $500/day.";

    b. <u>Page 3, ¶3</u>: "Emboldened, Debtor has continued the same flagrant conduct here. Namely, Debtor has refused to disclose the information on the trusts for which he is a beneficiary and the names of companies for which he is an officer in his petition.";

    c. <u>Page 6, ¶20</u>: "This delay has been unreasonable particularly in view of the contempt order in the S.D. Fla. action against Debtor for the same conduct.";

    d. <u>Page 7, ¶21</u>: "Debtor's bad faith is further evidence because the petition was filed the day before the OSC hearing in S.D. Fla.";

    e. <u>Page 7, ¶23</u>: "Debtor will likely abuse the bankruptcy process again by filing another bankruptcy in a different district to stop a contempt hearing or hinder Movie Creditors from proceeding in the Nevis action."

10. Rothman's and Culpepper's entries in the S.D. FL Court appear to be purposefully crafted with the foresight to falsely present arguments in EDTX Court filings, the media, and other countries as "fact", by relying on arguments as "Court Records", claiming Muszynski's "arrest" is looming; such as occurred when they planted articles in: "The Hollywood Reporter", "Variety", and dozens of industry blogs with worldwide readerships. Their misrepresentations of filings in the S.D. FL's docket, consequently are damaging Muszynski's professional reputation, besides likely misleading the EDTX Court. Although hiding beneath the skirts of "law licenses" and "legal arguments" shields libel claims in the U.S. (while damaging courts' dignity) those proscriptions do not exist elsewhere; see EXHIBIT 1, Plaintiffs' EDTX filings.

11. Plaintiffs' counsels' investigations into Mr. Muszynski include three years of discovery and initiation of cases in: The Federation of St. Christopher and Nevis, New Mexico, Colorado, Florida, and Puerto Rico (and appearance in Texas). Their litigation has generated over 1,000 docket entries in as many days in these cases yet, despite years of lawfare, expense, and time, their folly gasps for breath with ceaseless motions for contempt and records they already possess. And they claim in EDTX motions they have a comprehensive understanding of Muszynski's finances.

12. Building on falsehoods submitted to the EDTX Court, Plaintiffs state that because Muszynski *knew he would be arrested*, he therefore ran to EDTX to file application for a bankruptcy Stay, and claim his filing was in "bad faith". The *whole truth* is that "arrest" has never been mentioned by the S.D. Court and is not "immanent" due to Muszynski's full compliance. Even the remaining "$500/day" penalties that were applied before he was permitted to appear pro se are not "unpaid" (as Plaintiffs claim), but are awaiting request to have them rescinded. In fact, the Stay has prevented Muszynski from requesting dismissal of all fines as his full compliance negates their basis. Plaintiffs' prima facia vexatiousness and abusive lawfare is squandering this Courts (and others') resources; when is "enough, enough"?

13. For ease of comprehension, the following timeline succinctly outlines Defendant Muszynski's understanding of the case's status:

a) 24 January; ECF #368; Muszynski's grossly negligent attorney commits more malpractice by failing to submit Muszynski's notarized response, Rothman and Culpepper use lack of notary to file first contempt for "failure to respond"; Culpepper request a $1,500/day fine, Court issues $500.00/day dismissible with compliance;

b) 9 March; ECF #428; Culpepper files second contempt motion, seeking Muszynski's arrest for allegedly failing to complete forms 1.977 to his (Culpepper's) satisfaction;

c) 11 April; ECF #457; SCO hearing on motion for contempt; Muszynski permitted first pro se appearance; prior contempt, a result of Muszynski's lawyer's malpractice, suspended; Culpepper allowed 60 additional days to obtain authority to depose Muszynski; Culpepper admits obtaining U.S. federal tax returns (without Court Order) and is denied request for additional years; Court states in ECF #457, pg. 3, ¶ (3):

> "3. In light of the foregoing, the undersigned suspends Plaintiffs' request for a finding of contempt against Muszynski, 1701, and AUH20, pending Muszynski compliance with this Order. Nevertheless, the $500 per day fine imposed by the Court's January 24, 2023, Order [D.E. 368] continues to accumulate unless and until Muszynski 1701, and AUH20 seek relief after full compliance with this Order."

d) 21 April; ECF #464; Muszynski timely files response, provides documents and narrative for defunct status of 1701 Management, LLC., Court accepts all productions;

e) 26 April; ECF #467; Culpepper and Rothman file third motion for contempt, alleging 1.977 forms "incomplete", basis is Court's 24 January and 11 April Orders;

f) 1 May; ECF #470; Muszynski timely responds to #466 to 26 April motion in #467;

g) 12 May; ECF #483; Court conducts SCO hearing, queries Muszynski on all replies, then asks: "Mr. Culpepper, do you have any other questions for Mr. Muszynski?"; Culpepper replies: "No."; Court *accepts as complete* all Muszynski's responses and instructs he provide or object to counsels' subsequent motion for interrogatories by 26 May;

h) 15 May; ECF #486; Rothman and Culpepper's 4th contempt motion alleging Muszynski in violation of 24 January Order and 11 April Order and standing Order; Muszynski provides both interrogatories and an objection thereto via email to Culpepper and Culpepper replies after acceptance of email with attachments, see EXHIBIT 2;

i) 15 May; ECF #487; Court orders SCO hearing for Rothman and Culpepper's fourth attempt on the same documents;

j) 19 May; ECF #490; Muszynski files Suggestion of Bankruptcy and notice of EDTX's automatic stay with S.D. FL;

k) 30 May; ECF #496; Muszynski files Notice of Bankruptcy and automatic stay with S.D. FL;

l) 31 May; ECF #497; Rothman and Culpepper file objection to Muszynski's notice of automatic stay, in part, stating:

> "Defendant Muszynski's bankruptcy petition is a *transparent attempt to evade obeying Court Orders requiring him to disclose the names and information of the trustees for which he is a beneficiary. Thus, it would be proper for this Court to continue with the hearing on the Order to Show Cause Motion [Doc. #467] and hold Defendant Muszynski in civil contempt for the purpose of upholding the dignity of the Court, not to effectuate collection of a judgment.* [1] (emphasis added) See Kukui Gardens Corp. v. Holco Capital Grp., Inc., 675 F. Supp. 2d 1016, 1027 (D. Haw. 2009); Stovall v. Stovall, 126 B.R. 814, 815 (N.D. Ga. 1990). Notably, In re Cummings, the Bankruptcy Court of this district noted that contempt proceedings arising out of a debtor's disobedience of a state court order are not stayed by the debtor's bankruptcy filing, when the state court order disobeyed was made prior to the filing of the bankruptcy petition. See In re Cummings, 201 B.R. 586, 589 (Bankr. S.D. Fla. 1996). Besides this being Federal rather than State Court, the circumstances of In re Cummings are similar here since the Orders and the motion for an order to show cause were filed prior to Muszynski's bankruptcy petition."[2]

---

[1] *Plaintiffs' counsels already possessed all information known to Muszynski at the time they filed and waived their right to again request subsequent to Mr. Culpepper's response to Magistrate Judge Otazo-Reyes' query if he (Culpepper) had any more questions of Mr. Muszynski, to which Culpepper replied: "No.", at the close of the 12 May 2023 Show Cause hearing. Their hearing requests are harassment, not genuine or just inquiry.*

[2] *Citation refers to a domestic relations case wholly unrepresentative of the instant matter, as federal courts lack jurisdiction therein; inapplicable.*

m) 1 June; ECF #500; SCO hearing; Culpepper states Muszynski's timely response and reply to interrogatories was not received; Muszynski responds and proves: "*He did receive the interrogatories and objections thereto and replied to the email that delivered them.*" See EXHIBIT 3, emails exchanged with counsel Culpepper 25 May 2023; Muszynski not held in contempt; Stay issued (irrespective of EDTX Order).

n) 7 June; ECF #502; Order granting Muszynski's bankruptcy Stay request in ECF #496.

14. *Muszynski's full compliance with all Orders was "accepted" by the Court on 12 May 2023. According to the Orders and sequence of events, removal of all restraints applied nun pro tuc as of 8 February 2023 per ECF #399, see page 10, ¶10, signed by Judge Bloom (see below):*

"This Order shall remain in effect from the date of entry of this Order until further order of this Court to be entered after each Judgment Debtor submits completed Forms 1.977 to Plaintiffs' counsel and this Court concludes that those forms are complete and accurate." (emphasis added).

15. Plaintiffs' counsels' falsehoods are being maliciously entered in the EDTX Court because the S.D. FL Court's Order dissolved and backdated is the injunctions upon acceptance of the 1.977 forms' submissions, related filings, questioning of Mr. Muszynski, and Plaintiff's counsel's "No.", and because no threat of "arrest" was ever made by this Court. Plaintiffs have knowingly and willfully engaged in misrepresentations to other courts and the world-wide media.

16. Should Plaintiffs' counsel object to this filing, request a Stay lift, make motion claiming this Court's Stay prevents consideration, or otherwise intercede to impair the Court's Order of seven (7) months ago, recall Mr. Culpepper's prayer in ECF #497 on 31 May 2023 that estopps such objection as they represented this Court's consideration relies on the basis that:

"…it would be proper for this Court to continue with the hearing on the Order to Show Cause Motion [Doc. #467] and hold Defendant Muszynski in civil contempt for the purpose of upholding the dignity of the Court, not to effectuate collection of a judgment."; (emphasis added).

**WHEREFORE**, Defendant requests the Court provide clarification, and thereby relief to both parties, and preserve the integrity and dignity of this Court, and that of the EDTX court by confirming the circumstances and date of the lifting of injunctions described herein resulting from the sequence of Orders previously issued.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have forwarded a true and correct copy of the foregoing to Plaintiffs' attorney by email via: kculpepper@culpepperip.com; and mailed an original wet ink signature to the Clerk of Court, U. S. District Court, 400 North Miami Avenue, Miami, Florida, 33128; on this 9th day of August, 2023.

Charles Muszynski
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis, W. I.

# EXHIBIT 1
## Plaintiffs' EDTX filings

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| | § | |
| Charles Muszynski | § | Case No.: 23-90112 |
| xxx-xx-1273 | § | |
| 2810 US Highway 190 West, #100 | § | **MOTION FOR (A) RELIEF FROM THE** |
| Livingston, TX 7735 | § | **AUTOMATIC STAY AND (B)** |
| | § | **INJUNCTIVE RELIEF PURSUANT TO** |
| Debtor. | § | **11 U.S.C. § 105(A)** |
| | § | |
| | § | |
| | § | |
| | § | |

## MOTION FOR (A) RELIEF FROM THE AUTOMATIC STAY AND
## (B) INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(A)

### 14-DAY NEGATIVE NOTICE – LBR 4001(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE JOSHUA P. SEARCY**
**UNITED STATES BANKRUTCY JUDGE**

Creditor Kerry S. Culpepper[1], *pro se*, moves this Court for entry of an order (a) modifying

the automatic stay to allow the continuance of certain post-judgment enforcement efforts against

the Debtor in the civil action in the Southern District of Florida entitled *Millennium Funding, Inc.*

*et al v. 1701 Management, LLC. et al*, 21-cv-20862-BB (D. S.D. Fla.) (the "District Court Action")

and in the Federation of Saint Christopher & Nevis High Court of Justice Nevis Circuit action

entitled *Millennium Funding, Inc. et al v. AUH2O LLC and Charles Muszynski a/k/a/ Frederick*

*Douglas*, NEVHCV2022/0183(the "Nevis Action"), and/or (b) enjoining the Debtor, Charles

Muszynski ("Muszynski"), his co-defendants, 1701 Management LLC ("1701"), and AUH20 LLC

("AUH20") and the entities Muszynski controls including but not limited to Waste Resources LLC

(New Mexico); F.A Hayek Irrev. Settlement Trust; The Dusko Popov Irrev. Trust (Nevis); and

Antilles Management LLC, from depleting estate assets or moving estate assets outside of the

jurisdiction of the United States pursuant to this Court's equitable powers under 11 U.S.C. § 105(a).

This Motion is being made pursuant to BR 4001 and LBR 4001(b) and is based upon the

factual allegations and legal arguments set forth herein, the pleadings, papers and other records

contained in the Court's file in the above-captioned case, as well as the District Court and Nevis

Actions, judicial notice of which is hereby requested, the Declaration of Kerry Culpepper, Esq.,

and the arguments to be presented at the hearing on the Motion.

---

[1] Kerry S. Culpepper has pending pro hac vice application. *See* Doc. #10/ Upon approval, Kerry S. Culpepper will file a statement of joinder in this motion as counsel of creditors Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC.

# I. **INTRODUCTION**

It is axiomatic that the substantial protections and relief afforded by the Bankruptcy Code are solely intended for the benefit of the honest but unfortunate debtor. Such is not the case here. Instead, the Debtor's bankruptcy case is an unfortunate example of an individual seeking to abuse and exploit the provisions of the Bankruptcy Code for his own benefit to the detriment of the bankruptcy estate and its creditors.

The Debtor's bad faith is immediately evident from his facially implausible bankruptcy filings which on the one hand portray the Debtor as being of modest means while on the other, betraying that he is a sophisticated businessman with substantial assets to make whole his creditors. Most glaringly, the Debtor discloses assets of approximately $12,000.00 and income of roughly $3,000.00 per month against liabilities exceeding $16,000,000.00. These figures simply do not add up.

The Debtor's obvious omissions and misrepresentations in his bankruptcy filings are but the latest instance of his efforts to evade the substantial debts he owes to Movants, as well as, to a lesser monetary extent, his ex-wife. Most notably, the Debtor is liable to Movants for statutory damages for willful copyright and trademark infringement – a non-dischargeable debt under 11 U.S.C. § 523(a)(6) – in an amount exceeding $15,000,000.00 pursuant to a final and unappealable judgment of the United States District Court, Southern District of Florida (the "District Court"). Since the issuance of that judgment, the Debtor has nonetheless defied the District Court by failing to make accurate disclosures regarding his financial affairs, malfeasance which has resulted in a finding of contempt which remains unpurged. Of particular note, the Debtor's assets – *i.e.*, the estate's assets – are also subject to a universal asset freeze pursuant to decrees of the District Court and the High Court of Justice, Nevis Circuit (the "Nevis Court").

3

Based on the foregoing extraordinary circumstances, Movants submit that there is ample cause to modify the automatic stay to allow Movants – for the general benefit of the Debtor's estate and its creditors – to take those actions necessary to enforce the universal injunctions issued by the District Court and the Nevis Court.

The Debtor's bankruptcy is essentially a two-party dispute. Absent the relief requested, the Debtor's past misconduct plainly shows that its malfeasance will simply continue post-petition and beyond. In making this request, Movants do not seek to prejudice the estate's other scheduled creditor – the Debtor's ex-wife – but instead simply seek to preserve the prepetition *status quo*. Movants also understand that any funds recovered under the District Court or Nevis Court injunctions are property of the Debtor's bankruptcy estate to be distributed pursuant to the Bankruptcy Code's priority scheme.

Additionally, Movants request that the Court enter an order, pursuant to 11 U.S.C. § 105(d), adopting the District Court and Nevis Court injunctions and/or issuing an injunction barring the Debtor from transferring or otherwise dissipating any estate assets, within the meaning of 11 U.S.C. § 541(a), within or without the jurisdiction of the United States. In any event, the Debtor must not be allowed to flout the law and evade his responsibilities under the Bankruptcy Code.

## II. <u>JURISDICTION AND VENUE</u>

This Court has jurisdiction over this matter under sections 157(a), (b)(1) and 1334(b) of title 28 of the United States Code. 28 U.S.C. §§ 157(a), (b)(1), and 1334(b). Consideration of this Motion is a core proceeding under section 157(b)(2)(A), (E), (G) and (O), of title 28 of the United States Code. 28 U.S.C. §§ 157(b)(2)(A), (E), (G) and (O).

Venue of this case in this district is proper under section 1408 of title 28 of the United States Code. 28 U.S.C. § 1408.

The statutory provisions governing the relief requested in this Motion are sections 105(a), and 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

Movants consent to the Court's entry of final judgments or orders in connection with this Motion.

## III. FACTS

### A. The Debtor's Bad Faith Bankruptcy Filing

On May 11, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), along with the schedules of assets, liabilities, income, and expenses (the "Schedules"), the statement of financial affairs ("SOFA"), and other documents required under section 521(a)(1) of the Bankruptcy Code. (ECF No. 1.)

The Debtor's Schedules and SOFA are facially implausible and strongly suggest – even without reference to facts outside of the Debtor's bankruptcy disclosures – that the Debtor is misrepresenting the true state of his financial affairs.  On the one hand, the Debtor indicates that he has few personal possessions and receives no income other than roughly $3,000.00 as a beneficiary under an unnamed trust.[2] (Schedules A/B and I.)  In his SOFA, the Debtor discloses no year-to-date income or income for the 2021 and 2022 calendar years. (SOFA at Nos. 4 and 5.)  On the other, the Debtor identifies in excess of $16,000,000.00 in debts consisting of (a) roughly $1.3 in past due alimony and (b) an unsatisfied judgment in favor of the Movants in the amount of $15,000,000.00. (Schedules E/F.). The Debtor's allegedly meager assets and income are wholly inconsistent with the nature and extent of his debts.  Indeed, as set forth below and in the

---

[2] The Debtor does not disclose the name, location or amount of the trust or the name of the trustee.

declaration of Kerry S. Culpepper, the Debtor is, in fact, a sophisticated businessman with a long history of concealing his assets that continues to the present day.

Stephen J. Zayler has been appointed interim chapter 7 trustee and the initial meeting of creditors was scheduled for June 2, 2023. (ECF No. 4.)

On May 12, 2023, the Court denied the Debtor's request to extend the deadline to complete the credit counseling requirement under section 109(h)(1) of the Bankruptcy Code and set May 26, 2023, as the deadline for the Debtor to do so. (ECF No. 5.) As of the date of this Motion, the Debtor has not complied.

## B.  The Debtor's Concealment of Assets in the District Court Action

On August 17, 2021, Movants filed their thirteen count Second Amended Complaint in the District Court against the Debtor ("SAC"), his co-defendants, 1701 and AUH20, and other named and unnamed co-defendants.  The thrust of the SAC is that the defendants intentionally induced and contributed to infringement of numerous movie copyrights and directly infringed a trademark owned by Movants.  Further, Movants alleged that 1701 and AUH20 were *alter egos* of the Debtor.

On March 23, 2022, the District Court entered its *Final Default Judgment and Permanent Injunction* in favor of Movants and against the Debtor, 1701 and AUH20 (the "Judgment Debtors"), jointly and severally, and awarded, among other things, statutory damages for (a) copyright infringements pursuant to 17 U.S.C. § 504(c) in the amount of $9,900,000.00, and (b) DMCA violations pursuant to 17 U.S.C. § 1203 in the amount of $4,950,000.00 (the "Judgment"). *See* Ex. "A" (Default Judgment) and "B" (Order Granting Motion for Default Judgment).

On December 12, 2022, Magistrate Judge Otazo-Reyes entered her *Report and Recommendation and Certification of Facts Constituting Contempt* (the "Contempt R&R") in the

District Court Action. *See* Ex. "C".   In the Contempt R&R, the magistrate made the following

finds of fact:

- Judgment Debtors had notice of the court's order, dated August 26, 2022, requiring them to complete Forms 1.977 in accordance with Florida Rule of Civil Procedure 1.560, no later than October 11, 2022.

- Judgment Debtors 1701 and AUH20 failed to submit completed Forms 1.977.

- Judgment Debtor Muszynski submitted a partially completed Form 1.977 that was stricken from the record as incomplete and inaccurate.

- Judgment Debtors had notice of the court's December 8, 2022 hearing (the "Contempt Hearing") on Movant's contempt motion (the "Contempt Motion").

- Judgment Debtors failed to appear at the Contempt Hearing as required.

As a result of the foregoing, the magistrate recommended that the Judgment Debtors be

held in contempt and subject to a fine of $500.00 per day until they purged themselves of the

contempt.

On January 24, 2023, District Court Judge Bloom entered her *Order Adopting Magistrate*

*Judge's Report and Recommendations. See* Ex. "D".

To date, none of the Judgment Debtors, including the Debtor has purged their contempt.

On February 9, 2023, Judge Bloom entered her *Order Granting Preliminary Injunction*

*Restraining Assets* (the "District Court Injunction"). *See* Ex. "E".  In granting the injunction, Judge

Bloom concluded that "Judgment Debtors are concealing assets and moving assets so as to be

unreachable by Plaintiffs…". The court noted the following examples:

- The Debtor's use of legal structures such as trusts to conceal his assets.

- Five large withdrawals were made to the Debtor from 1701's Paypal account within ten days of the commencement of the District Court Action.

- The Debtor's abandonment of valuable assets that otherwise could have been liquidated in partial satisfaction of the Judgment.

- The Debtor's transfer of assets to third parties and other entities he controls.

- The Debtor's contempt.

Based on the foregoing, the District Court enjoined the Judgement Debtors from:

- Causing a change in status of any company in which the Judgment Debtors hold an interest.

- Dissipating the assets of any trust controlled by the Judgment Debtors or under which they are a beneficiary.

- Disposing of or diminishing the value of any of their assets within or outside the United States.

- Disposing of or diminishing the value of assets for which any Judgment Debtors is a beneficiary whether the asset is within or outside of the United States.

Also on Feb. 9, 2023, a separate Judge in the S.D. Flo. issued a default judgment in an admiralty action against a yacht controlled by Debtor through the Cayman Islands company Smiling Dog Ltd. *See* Ex. "F".

Despite being held in contempt of court on February 9, 2023 by Judge Bloom, Debtor steadfastly refuses to disclose information on trusts for which he is a beneficiary and that own AUH2O in compliance with the original order for which he is in contempt. Accordingly, on April 26, 2023, Movants filed a motion for an order to show cause hearing why the Debtor should not be held in contempt to which Muszynski filed replies.

On May 15, 2023, the District Court set a show cause hearing on why Debtor should not be in contempt for June 1, 2023.

On May 19, 2023, Debtor's suggestion of bankruptcy dated May 12, 2023 was docketed in the District Court action. However, as of the date of this Motion, the District Court has not stayed the hearing.

## C. The Nevis Injunction

On January 18, 2023, the Nevis Court entered an order granting Movants' application for an order freezing the assets of the Debtor and AUH2O including the Debtor's Nevis bank accounts at the Bank of Nevis Limited and the Hamilton Reserve Bank Ltd. (the "Nevis Injunction").[3] *See* Ex. "G".

## IV. ARGUMENT

## A. Debtor's Ongoing Concealment of His Financial Affairs Warrants Relief from the Automatic Stay

A petition for relief under the Bankruptcy Code generally stays post-petition acts to pursue claims against a debtor and its property including the enforcement of pre-petition judgments. 11 U.S.C. § 362(a)(2). However, the automatic stay may be annulled or modified for cause. 11 U.S.C. § 362(d)(1). Requests for stay relief made by unsecured creditors are generally granted only under extraordinary circumstances. *In re Brown*, 311 B.R. 409, 413 (E.D. Pa. 2004) ("Unsecured creditors are generally entitled to relief from an automatic stay only in extraordinary circumstances") (citations omitted). Despite this high bar, stay relief is plainly warranted under the circumstances.

First, the District Court has already determined that the Debtor continues to conceal and transfer assets as part of an ongoing judgment avoidance scheme, actions which have resulted in a finding of contempt. It is thus clear that absent further enforcement efforts, the Debtor's

---

[3] The Debtor discloses his Bank of Nevis bank account in Schedule A/B but stated he does not have a Hamilton Reserve bank account.

bankruptcy estate will be further diminished. Incidentally, Movants note that the Debtor's concealment establishes a *prima facie* case for a denial of discharge under Bankruptcy Code section 727(a)(3). 11 U.S.C. § 727(a)(3).

Second, the Debtor's perfunctory, facially implausible, and bad faith bankruptcy filing serves no purpose other than to improperly frustrate his creditors' collection efforts. *See In re 1701 Commerce, LLC*, 477 B.R. 652, 657 (Bankr. N.D. Tex. 2012) (debtor's bad faith may constitute "cause" for stay relief or to dismiss bankruptcy case). This is especially evident from the fact that the Debtor's scheduled debts are all non-dischargeable under section 523(a). The breathing room afforded by the automatic stay thus serves no purpose other than to allow the Debtor to continue his judgement avoidance scheme post-petition.

Third, the interests of judicial economy weigh in favor of stay relief. *In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994) ("The factor of judicial economy may be considered in deciding whether to lift the automatic stay; in fact, a decision to lift the stay may be upheld on this ground alone" (citing *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985)). Having litigated against the Debtor in the District Court Action for several years, Movants – as well as the District Court – are well-versed in the Debtor's financial affairs and are willing to continue their post-judgment collection efforts for the general benefit of the Debtor's estate. Although the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure afford the Trustee ample tools to uncover the true state of the extent of the Debtor's financial affairs, the estate is currently without funds to pay for such an investigation. In particular, a substantial portion of the Debtor's estate appears to lie in a foreign jurisdiction. Having already obtained the Nevis Injunction, Movants are well-positioned to recover the Debtor's Nevis assets for the benefit of the estate.

Finally, stay relief will not prejudice the rights of the Debtor, its estate, or the estate's creditors. *Petro Franchise Sys., LLC v. All Am. Props., Inc. (In re All Am. Props., Inc.)*, No. 1:10-bk-00273MDF, 2010 Bankr. LEXIS 687, at *7 (Bankr. M.D. Pa. Mar. 10, 2010) ("unsecured creditors often are granted relief from the stay when two factors are present: (1) the debtor has engaged in 'morally culpable conduct' that the moving party is seeking to undo in another forum and (2) the movant is not pursuing assets of the estate") (citing *In re Hohol*, 141 B.R. 293, 297 (M.D. Pa. 1992)). Movants are not seeking stay relief to arrogate estate assets to satisfy its own claims. Rather, Movants seek stay relief for the sole purpose of halting the Debtor's prepetition and post-petition depredations against the bankruptcy estate. Nor are Movants seeking to recover from Debtor's post-petition earnings. Movants understand and expressly agree that any estate assets recovered from the Debtor on account of the District Court Injunction or Nevis Injunction should and must be turned over directly to the Trustee.

## B. **Injunctive Relief is Necessary to Protect the Integrity of the Bankruptcy Process**

In addition to stay relief, Movants submit that the Court should adopt the District Court Injunction and Nevis Injunction or, in the alternative issues its own injunction freezing the Debtor's assets both within and without the United States.

Section 105(a) of the Bankruptcy Code provides, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The foregoing includes the power to issue injunctions. *Manville Corp. v. Equity Sec. Holders Comm. (In re Johns-Manville Corp.)*, 801 F.2d 60 (2d Cir. 1986). Here, the Debtor's misconduct implicates several provisions of the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 349 and 541(a). Moreover, injunctive relief is appropriate where, as here, there is a substantial likelihood of irreparable harm absent such relief. *Menotte v. Willis (In re Willis)*, 411 B.R. 783

11

(Bankr. S.D. Fla. 2009) (enjoining debtor continuing post-petition withdrawals from non-exempt

IRA account).   One of the trusts (F.A. Hayek Irrevocable Settlement Trust) Muszynski boasts of

controlling and being a beneficiary, which owned 47.368421 percent of the company Waste

Professional LLC and which owns 100 percent of AUH2O has already attempted to transfer funds

to an attorney Lorenzo J. Palomares in violation of the S.D. Flo. preliminary injunction. *See* Decl.

of Culpepper at ¶¶22, 25-27 and 37-38.


## V. CONCLUSION

For the foregoing, Movant's Motion for and Order granting relief from the automatic stay

and adopting the orders of the Southern District of Florida should be granted.

DATED: Kailua-Kona, Hawaii, May 31, 2023.

Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Pro se*
*Pro Hac Vice* Admission pending for appearance as Attorney for Creditors Millennium Funding,
Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie,
LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie
Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium
IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC,
LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc.,
Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions,
Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1,
LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC,
State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club,
LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, I caused a copy of the foregoing to be served upon

the following by the following means:

via ECF notification:

Stephen J. Zayler, US Trustee          zayler@suddenlinkmail.com szayler@ecf.axosfs.com

Kerry S. Culpepper,                    kculpepper@culpepperip.com

Via Email: MarciaMuszynski@gmail.com

Via Email: usfilefolder@protonmail.com

Via First Class Mail
Marcia Waddell
145 West 58th Street
New York, NY 10019-1529

Via First Class Mail
Charles Muszynski
855 Forrester Street
Silsbee, TX 77656

Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| | § | |
| Charles Muszynski | § | Case No.: 23-90112 |
| xxx-xx-1273 | § | |
| 2810 US Highway 190 West, #100 | § | **RESPONSE TO OBJECTIONS OF** |
| Livingston, TX 7735 | § | **DEBTOR AND TRUSTEE TO MOTION** |
| | § | **FOR (A) RELIEF FROM THE** |
| Debtor. | § | **AUTOMATIC STAY AND (B)** |
| | § | **INJUNCTIVE RELIEF PURSUANT TO** |
| | § | **11 U.S.C. § 105(A)** |
| | § | |
| | § | |

---

### RESPONSE TO OBJECTIONS OF DEBTOR AND TRUSTEE TO MOTION FOR (A) RELIEF FROM THE AUTOMATIC STAY AND (B) INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105(A)

**TO THE HONORABLE JOSHUA P. SEARCY**
**UNITED STATES BANKRUTCY JUDGE**

1.      Creditors Kerry S. Culpepper, *pro se*, and Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of

the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC,

Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC (all collectively:

"Movie Creditors"), by and through the below counsel, file this Response to the Objections of

Debtor [Doc. ##29-30] and Trustee [Doc. #31] in support of their motion [Doc. #17] for relief

from the automatic stay.

2.      As explained more fully below, Movie Creditors respectfully submit that the stay

relief they request is consistent with the provisions of the Bankruptcy Code and the primary role

of the Trustee to investigate a debtor's financial affairs, liquidate estate assets and promote equal

treatment of creditors. Movie Creditors have amply demonstrated that the Debtor has a history of

being less than forthright in fully disclosing his assets such as his trusts that continues even in this

case. Time is of the essence in preserving opportunities to preserve the estate for the benefit of all

creditors and halt the ongoing diminution of possible estate property such as Debtor's trusts should

the Court choose to maintain Debtor's petition despite him having no meaningful connection to

this forum.

**I. Debtor admits that his petition is fraudulent.**

3.      Buried within Debtor's meandering Objection [Doc. #30] are the following key

admissions:

    (i)     He admits that he gave this honorable Court a false address in Texas as his residence

        in his petition. *See* Doc. #30 at pp. 58-59 ("...Muszynski used an old Texas address

        from driver's records...Muszynski's residence is in St. Kitts & Nevis...")

    (ii)    He admits that he omitted the names of at least two other trusts (Dusko Popov Irrev.

        Trust and F. A. Hayek Irrev. Settlements) for which he is a beneficiary from his

petition. *See* Doc. #30 at pp. 267-272 (trustee papers disclosing that he is beneficiary).

(iii)   He admits that he falsely included the undersigned (Kerry S. Culpepper) as a creditor[1]. *See* Doc. #30 at 60 ("Mr. Culpepper...has no standing to do so as an individual since Muszynski owes him nothing.") and Doc. #1 but at pg. 77 (Kerry Steven Culpepper is included as Creditor #42).

The Court can perhaps overlook (iii) in view of Debtor's *pro se* status. But (i) and (ii) are so troubling that this Court should strongly consider *sua sponte* dismissing Debtor's petition outright or at least issuing an order to show cause why his petition should not be dismissed. Debtor does not live in Texas. He lives in Nevis. According to him, he does not have US citizenship or even a Visa. *See* Doc. #30-3 at p. 35. According to his petition, Debtor does not own any assets in Texas. None of the judgments against Muszynski are in Texas. From the serve matrix, it does not appear that even any of his creditors are in Texas. Debtor's lack of any meaningful connections with Texas calls into question whether he is even a debtor as provided in 11 U.S.C. §109(a) ("...only a person that resides or has a domicile, a place of business, or property in the United States...may be a debtor under this title.")

**II. Movie Creditors' Lift Stay Motion is not Premature.**

4.   In the Trustee's Objection [Doc. #31], he argues that the lift stay motion is premature. Unfortunately, the Trustee does not recognize the complexity and time sensitive nature of the ongoing litigation between Movie Creditors and Debtor that has involved four other US District Courts (Districts of New Mexico, Colorado, Southern Florida and Puerto Rico) and a Court in a foreign country (Nevis). As stated by Debtor in his objection, the Nevis action is set for a

---

[1] Muszynski listed Kerry S. Culpepper as a creditor in his petition, yet he argues Kerry S. Culpepper could not appear *pro se* because he does not owe Kerry S. Culpepper anything.

trial this year. *See* Doc. #30 at p. 8 ("...the Nevis action as it is set for trial..."), p. 29 ("...the Nevis action will head to trial later this year.") and p. 40 ("Nevis' temporary order awaits trial at end of this year..."). It is doubtful that the Nevis Court will even agree to postpone the proceedings based upon Debtor's bankruptcy filing here in the US, particularly since it is against not only Debtor but a Nevis entity AUH2O LLC ("AUH2O") not a party to this bankruptcy proceeding. Debtor adamantly asserts that AUH2O is an entity separate from him. *See* Doc. #30 at p. 25 ("...AUH2O, LLC (it is not Muszynski). AUH2O, LLC owned 1701 Management, LLC (also not Muszynski)."). Debtor has not made a motion in the Nevis Court to stay proceedings based upon his bankruptcy filing here. Rather, from his objection, Debtor appears eager to proceed with the Nevis action. *See* Doc. #30 at p. 32 ("Culpepper...will bear theirs costs and Muszynski's, Culpepper...will be required to personally appear [in Nevis] and a substantial ($100K USD) cash bond to [*sic*] will be required to proceed to ensure Culpepper doesn't cut and run..."). Accordingly, at a minimum the Court should grant Movie Creditors stay relief to proceed with the Nevis litigation since both Debtor and Movie Creditors agree with this point. If not, Movie Creditors will be significantly prejudiced because the Nevis Court would likely dismiss their action for want of prosecution. Their herculean efforts in obtaining the worldwide asset restraint that finally got Debtor to even appear in Court will be all for naught. And Debtor would escape from having to pay Movie Creditors' substantial foreign attorneys' fees the Nevis Court ordered him to pay. The Trustee is free to seek to intervene in the Nevis action to protect the estate's assets if he disbelieves the Movie Creditors' explicit statement that they will proceed for the benefit of the estate.

5.     The judgment Movie Creditors obtained against Debtor is also against AUH2O and the Puerto Rican entity 1701 Management LLC ("1701") – another entity which Debtor adamantly

argues is separate from him. *See* Doc. #30 at p. 25 (...AUH2O, LLC owned 1701 Management, LLC (also not Muszynski). On Dec. 12, 2022, Movie Creditors sought and obtained writs of garnishments from the S.D. Flo. against Garnishees Buhosabio LLC, Terry Lacy, Dusko Popov Trust, Solzhenitzyn Trust and Antilles LLC pursuant to §77.01 of Florida statutes. *See, e.g.*, Doc. #17-6 at p. 11 (Court restraining Garnishees), Doc. #30 at p. 42 (Debtor complains about the numerous Writs Movie Creditors have obtained in the S.D. Flo. action). However, Movie Creditors only have until Dec. 12, 2023 to file a motion for final judgment against Garnishees, else the "writ[s] shall automatically be dissolved and the garnishee[s] shall be discharged from further liability under the writ." §77.07(5), Flo. Statutes. Indeed, Movie Creditors and Garnishee Terry Lacy were involved in settlement negotiations. *See* Doc. #30 at 42-43 (Debtor describes his view of the negotiations between Movie Creditors and Terry Lacy). Further, Movie Creditors and Buhosabio LLC had begun discussions on a discovery schedule. *See id.* Movie Creditors should be granted relief so that they can conclude discovery with Garnishees in time to seek final judgment before the Dec. 12, 2023 deadline. Here also, the Trustee is free to seek to intervene in the S.D. Flo. action to protect the estate's assets if he disbelieves the Movie Creditors' explicit statement that they will proceed for the benefit of the estate.

6.      Moreover, the S.D. Flo. has already held Debtor in contempt for failure to obey Court orders. *See* Doc. #17-5. On May 15, 2023, the S.D. Flo. set an Order to Show Cause hearing for June 1, 2023 on why Debtor should not be held in contempt again for his continued violation of the Court's orders. *See* Doc. #30 at 59 (Debtor complains about the June 1 hearing). However, the S.D. Flo. did not issue a stay order based upon Muszynski's bankruptcy until June 7, 2023. In this situation with competing orders from different Federal Courts, Movie Creditors' counsel concluded that it was prudent to promptly file a motion for stay relief in this Court before the S.D.

Flo.'s June 1, 2023 hearing. Notably, on May 30, 2023, Movie Creditors' counsel informed the

Trustee of his intention to file the lift stay motion and asked for the Trustee's position in the same

email requesting that the meeting of creditors be continued. There is no surprise here.

## III. It is uncontradicted that Debtor and the trusts are dissipating assets in violation of the S.D. Flo. asset restraint injunction.

7.      The Trustee opposes this Court adopting the injunctions of the S.D. Flo. and Nevis

Courts ordering Debtor not to dissipate assets and the S.D. Flo.'s Order holding Muszynski in

contempt of Court for not fully completing the Florida asset disclosure form. Respectfully, Movie

Creditors assert that Trustee's opposition on this point contradicts his charge to protect the estate

for the benefit of all creditors. For example, Trustee himself argues that Debtor has not answered

sufficiently concerning the trusts for which Debtor is a beneficiary. *See* Doc. #31 at ¶¶8-10.

However, the S.D. Flo. already held Debtor in contempt for the exact same contemptuous conduct

– failing to fully disclose his assets, namely the trust information. *See* Doc. #17-6. By this Court

adopting the S.D. Flo. orders as prayed for by Movie Creditors, the Trustee's ability to demand

and promptly obtain the information both the Movie Creditors and he seek to ascertain the assets

of the estate will be greatly strengthened. Moreover, the Trustee's concern about "no judicial

determination of the validity of any trust or spend thrift provision has been made" is wrong. This

issue is *moot*. The S.D. Flo. already determined that Buhosabio LLC, Terry Lacy, Dusko Popov

Trust, Solzhenitzyn Trust, F.A. Hayek. Irrev. Trust and Antilles LLC are *alter egos* of Debtor,

1701 and AUH2O and subjected these trusts to the asset restraint injunction after a duly noticed

evidentiary hearing in which numerous exhibits were admitted[2]. *See* Doc. #17-6 at p.3

("...Plaintiffs have provided evidence that Muszynski shifted profitable ventures owned by 1701

---

[2] Counsels for Buhosabio LLC and Terry Lacy appeared at this hearing and made arguments against applying the injunction against them that were rejected by the Court.

such as WasteWiser to his other controlled entity Buhosabio LLC and placed the bank accounts in the name of Terry Lacy to attempt to conceal his ownership…"). None of Debtor, F.A. Hayek. Irrev. Trust and Dusko Popov Trust appealed the injunction. The issue has further been resolved with respect to F.A. Hayek. Irrev. Trust because the S.D. Flo. Court entered a default judgement against it on May 30, 2023. *Res judicata* applies.

8.      Further, Movie Creditors have presented evidence uncontested by Debtor that one of the trusts (F.A. Hayek Irrev. Trust) is dissipating assets in violation of the S.D. Flo. asset restraint injunction by retaining a Florida attorney despite this trust being explicitly named in the injunction. Plaintiffs' counsel has also recently been informed that the Dusko Popov Trust retained the same Florida attorney. Accordingly, both the F.A. Hayek Irrev. Trust and the Dusko Popov Trust of which Debtor is a beneficiary are dissipating assets. Neither the F.A. Hayek Irrev. Trust nor the Dusko Popov Trust obtained a modification of the asset restraint injunction from the S.D. Flo. permitting them to expend funds before they retained the Florida attorney. Neither did Debtor – not from the S.D. Flo. or this Court. Yet Debtor also apparently paid funds from his account to this Court for his bankruptcy petition filing fee. Accordingly, Movie Creditors have shown that Debtor and the F.A. Hayek Irrev. Trust and the Dusko Popov Trust (entities which the S.D. Flo. already determined are *alter egos* of Debtor, 1701 and/or AUH2O) are dissipating assets and that there is a damage of irreparable harm to the estate. In passing, even Debtor seems open to this Court adopting the Nevis and S.D. Flo. orders with respect to him by arguing it would be redundant. *See* Doc. #30 at pp. 34-35 ("…in bankruptcy, an injunction against depletion is automatic anyway and Muszynski has no control over any entity other than his personal assets already in the Estate.").

9.      The Trustee's blanket assertion that the ex-wife has priority over any funds Movie

Creditors obtain in post-judgment enforcement ignores the fact that the Movie Creditors' judgment

is also against 1701 and AUH2O. *See* Doc. #17-2. Accordingly, this conclusion is premature.

However, Movie Creditors are willing to let the appropriate Court (this one if Debtor's petition

withstands scrutiny despite him having no meaningful connection with Texas) decide which

portion of recovered funds are the estate of debtor and which are of 1701 and AUH2O or if they

all are estate funds.

10.      The Trustee complains about the Motion to Lift Stay referring to Waste Resources

LLC and Antilles Management, LLC. *See* Doc. #31 at ¶12. Movie Creditors obtained a default

judgment against the Debtor-managed entity Waste Resources LLC in S.D. Flo. Antilles

Management LLC is another entity controlled by Debtor that he did not disclose in his petition.

These two points can be established by evidence during the lift stay hearing. However, the dearth

of Trustee's knowledge of Debtor's affairs proves Movie Creditors' point – the stay should be

lifted so they can use their detailed knowledge of Debtor's affairs to continue their actions -

*throughout the world* against Debtor.

## IV.  Movie Creditors' request for a stay and injunction was consistent with local rules §362(d).

11.      The Trustee asserts that Movie creditors have "combined various separate requests

for relief into one Motion in violation of the Local Rules". Obj. at 2. However, §362(d) permits

this Court to "grant relief from the stay provided under subsection (a) of this section, such as by

terminating, annulling, *modifying, or conditioning such stay…*". The stay relief this Court can

grant is allowing the Movie Creditors to continue in their actions that will result in funds for the

benefit of the estate and modify or condition the automatic stay to adopt the contempt orders and

8

injunctions of the S.D. Flo. and Nevis Courts. It would not be an efficient use of judicial resources for the Movie Creditors to file the same motion again under § 105(A).

## V.  The S.D. Flo. has already ruled that Debtor's copyright and trademark infringements were willful.

12.    Debtor argues the Judgement of the S.D. Flo. is dischargeable because it did not find that his conduct was willful. Debtor is wrong. The Opinion of the S.D. Flo. granting default judgment states that "…LiquidVPN Defendants **willfully** contributed to and induced infringement of the Works by promoting their service as Popcorn Time VPN for **blatant piracy**…LiquidVPN Defendants have **intentionally** used Plaintiff 42's Mark Popcorn Time…to promote their VPN service to use the piracy application Popcorn Time." Doc. #17-2 at pp. 14-15 (emphasis added). The Order granted maximum statutory damages of $150,000/Work for copyright infringement, maximum statutory damages of $25,000/altered CMI for DMCA violations and high statutory damages of $200,000 for trademark infringement – all in the range of willful conduct provided by 17 USC §§504(c)(2) and 1203(c)(3)(B) and 15 U.S.C. §1117 (c)(2).

13.    This Court has already recognized that a judgment for statutory damages arising from willful copyright infringement establish "…as a matter of law, a "willful and malicious injury" … so as to render the Federal Court Judgment against the Defendant nondischargeable under §523(a)(6)." *Schnell v. Schnell,* Nos. 14-41478, 14-4081, 2015 Bankr. LEXIS 2461, at *22-23 (Bankr. E.D. Tex. July 27, 2015). Accordingly, the judgment for willful copyright and trademark infringement is not dischargeable.

## VI.  Movie Creditors' joinder with Culpepper's *pro se* motion was proper.

14.    The Debtor's objection to joinder based upon the argument that the undersigned could not appear *pro se* is wrong because Debtor included undersigned personally as a Creditor in

his petition. The Debtor's argument that the undersigned cannot appear as *pro hac vice* counsel

of 42 Ventures, LLC and Culpepper IP, LLC is meritless.    The Trustee objects to joinder but

presents no arguments against joinder.

## VII.  Conclusion

For the foregoing, Movie Creditors' Motion for an Order granting relief from the

automatic stay and adopting the orders of the Southern District of Florida and Nevis should be

granted.

DATED: Kailua-Kona, Hawaii, June 15, 2023.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Pro Se*
*Admitted Pro Hac Vice*
Attorney for Creditors Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution
Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled
LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ
Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link
Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice
PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills
Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc.,
Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics
Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC,
Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC
and Culpepper IP, LLLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I caused a copy of the foregoing to be served upon

the entities in the Amended Mailing Matrix [Doc. #15].


*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| | § | |
| Charles Muszynski | § | Case No.: 23-90112 |
| xxx-xx-1273 | § | |
| 2810 US Highway 190 West, #100 | § | **CREDITORS' OBJECTIONS TO** |
| Livingston, TX 7735 | § | **DEBTOR'S MOTION FOR 1)** |
| | § | **SANCTIONS FOR AUTOMATIC STAY** |
| Debtor. | § | **VIOLATIONS 2) PROTECTIVE ORDER** |
| | § | **AND 3) DISMISSAL WITH PREJUDICE** |
| | § | **FOR AUTOMATIC STAY** |
| | § | |
| | § | |

**CREDITORS' OBJECTIONS TO DEBTOR'S MOTION FOR 1) SANCTIONS FOR
AUTOMATIC STAY VIOLATIONS 2) PROTECTIVE ORDER AND 3) DISMISSAL
WITH PREJUDICE FOR AUTOMATIC STAY**

**TO THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUTCY JUDGE**

1.      Creditors Kerry S. Culpepper, *pro se*, and Millennium Funding, Inc., Voltage

Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan

Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions,

LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I

Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2

Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture

CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc.,

Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC,

Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of

the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC,

Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC (all collectively:

"Movie Creditors"), by and through the below counsel, file this Objection to the Motion of Debtor

[Doc. #30] for sanction for automatic stay violation, a protective order and dismissal with prejudice

for automatic stay.

2.      Debtor requests sanctions for purported automatic stay violations. Debtor's request

is ironic since he just filed an application on Jun. 20, 2023 in the Nevis action to modify the

worldwide asset restraint. *See* Ex. "2". Notwithstanding his petition, Debtor did not file for the

same relief in this Court (or in the S.D. Fla. despite its worldwide asset injunction). Indeed, in

Debtor's application (which violates this Court's automatic stay), he states that he has no assets in

the US and that he resides in Nevis. *See id.* at ¶22. But in this Court, he states that he resides in

Silsbee, Texas. *See* Doc. #14. Debtor's Nevis application puts Movie Creditors in a conundrum

that emphasizes their need for immediate stay relief. If Movie Creditors do nothing in the Nevis

action to oppose this application, Debtor will be able to modify the Nevis worldwide asset restraint

to dissipate his assets to the point that it becomes meaningless. All his creditors will lose. If they

contest his application in Nevis, Debtor will argue in this Court that Movie Creditors are violating

the automatic stay by contesting actions *he has put in place in violation of the automatic stay.*

Heads Debtor wins. Tails all his creditors lose. Unless this Court grants Movie Creditors

immediate stay relief.

3.      Regarding Movie Creditors' actions in S.D. Fla., Debtor fails to recognize that the

District Court and the Bankruptcy Court have concurrent jurisdiction. *See In re W.R. Grace & Co.*,

591 F.3d 164, 170 (3d Cir. 2009) ("Federal district courts "have original jurisdiction but not

exclusive jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or

arising in or related to cases under title 11."" (quoting 28 U.S.C. § 1334(b)); *Olick v. Parker &*

*Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) ("The district court was not divested of its jurisdiction by reason of [Plaintiff's] bankruptcy…the district court nevertheless shared concurrent jurisdiction with the bankruptcy court."); *accord Eubanks v. Esenjay Petroleum Corp.*, 152 B.R. 459, 462 (E.D. La.1993). On June 9, 2023, the S.D. Fla. granted Debtor's motion and stayed "to the Extent Plaintiffs seek to collect on the Judgment entered in their favor and against Defendant Charles Muszynski" and "All pending Motions involving Charles Muszynski." *See* Ex. "1". However, all other post-judgment matters remained referred. The fact that a stay has not been issued for matters concerning the other judgment debtors 1701 Management LLC and AUH2O LLC and other Garnishees which are not parties to Debtor's bankruptcy illustrates Movie Creditors' urgent need for stay relief.

4.      Further, it was not a violation of the automatic stay for the S.D. Fla. and Creditors to continue with a previously noticed hearing despite Debtor's verbal announcement at the outset of the hearing that he filed bankruptcy. Debtor did not mail his suggestion of bankruptcy to the S.D. Fla. until May 12 and it was not docketed until May 19, 2023. Nonetheless, it was not a violation of the automatic stay for Movie Creditors to file a reply on May 13 to Debtor's improper sur-reply filing of May 8 in which Debtor accused the undersigned and his co-counsel of committing numerous felonies and requested a criminal referral (*see* Doc. #30-2 at pp. 51-52). Nor was it a violation for the Movie Creditors to comply with Court orders by emailing Debtor copies of filings and orders. It was also not a violation for Movie Creditors to proceed with litigation against parties that are not co-debtors with Debtor (such as responding to Glo-Jet's motion for attorneys' fees) and to file a joint stipulation with a Garnishee to dismiss a writ of garnishment. *See* Doc. #30-2 at pp. 65-72 (Debtor's list of purported stay violations).

5.      Debtor's request for dismissal with prejudice for automatic stay appears to be just a repeat of his opposition to Movie Creditors' motion for relief for an automatic stay. To the extent debtor is seeking different relief, Movie Creditors object.

6.      Debtor requests a protective order but has not pointed to any discovery Movie Creditors have propounded on him in this case. To the extent debtor is seeking a protective order for outstanding discovery propounded on him in the S.D. Fla. case, Movie Creditors object because such relief is *moot* in view of the stay S.D. Fla. ordered on June 9, 2023. *See* Ex. "1".

7.      WHEREFORE, the Movie Creditors pray that Debtor's Motion be denied and for such other relief to which they may be justly entitled to receive.

DATED: Kailua-Kona, Hawaii, June 21, 2023.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Pro Se*
*Admitted Pro Hac Vice*
Attorney for Creditors Millennium Funding, Inc., Voltage Holdings, LLC, AMBI Distribution Corp., After Productions, LLC, After II Movie, LLC, Morgan Creek Productions, Inc., Bedeviled LLC, Millennium Media, Inc., Colossal Movie Productions, LLC, YAR Productions, Inc., FSMQ Film, LLC, FW Productions, LLC, Millennium IP, Inc., I Am Wrath Production, Inc., Killing Link Distribution, LLC, Badhouse Studios, LLC, LF2 Productions, Inc., LHF Productions, Inc., Venice PI, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., MON, LLC, SF Film, LLC, Speed Kills Productions, Inc., Nikola Productions, Inc., Wonder One, LLC, Bodyguard Productions, Inc., Outpost Productions, Inc., Glacier Films 1, LLC, Definition Delaware LLC, Hannibal Classics Inc., Justice Everywhere Productions LLC, State of the Union Distribution and Collections, LLC, Paradox Studios, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, 42 Ventures, LLC and Culpepper IP, LLLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023, I caused a copy of the foregoing to be served upon

the entities in the Amended Mailing Matrix [Doc. #15].


*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

# EXHIBIT 2
## Plaintiffs' email responsive to interrogatories

# Response to interrogatories

From   usfilefolder <usfilefolder@protonmail.com>

To     Kerry Culpepper<kculpepper@culpepperip.com>

Date   Thursday, May 25th, 2023 at 11:55 AM


Culpepper - see attached.

Is your intent, given the bankruptcy stay, to continue with the hearing you set for 1 June at 10:30 Eastern?

Cm

Sent with Proton Mail secure email.


**1.54 MB**   1 file attached

20230525 Third notice Interrogatories.pdf  1.54 MB

# Re: Response to interrogatories

From    usfilefolder <usfilefolder@protonmail.com>

To      Kerry Culpepper <kculpepper@culpepperip.com>

Date    Thursday, May 25th, 2023 at 12:14 PM


You made the motion and can withdraw it, are you going to?

Sent with Proton Mail secure email.

------- Original Message -------
On Thursday, May 25th, 2023 at 11:58 AM, kculpepper culpepperip.com <kculpepper@culpepperip.com> wrote:

> I did not set the hearing for June 1.  The court set the hearing.
>
> Get Outlook for iOS
>
> **From:** usfilefolder <usfilefolder@protonmail.com>
> **Sent:** Thursday, May 25, 2023 5:55:30 AM
> **To:** kculpepper culpepperip.com <kculpepper@culpepperip.com>
> **Subject:** Response to interrogatories
>
> Culpepper - see attached.
>
> Is your intent, given the bankruptcy stay, to continue with the hearing you set for 1 June at 10:30 Eastern?
>
> Cm
>
> Sent with Proton Mail secure email.

## UNITED STATES DISTRICT COURT SOUTHERN

## DISTRICT OF FLORIDA

Case No.: 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC., et al.,

Plaintiff

vs.

1701 MANAGEMENT LLC, et al

Defendants.

_____/

### 1.DEFENTANT'S THIRD DOCKET NOTICE OF BANKRUPTCY STAY
### 2.RESPONSE AND OBJECTION TO INTERROGATORIES
### 3.OBJECTION TO HEARING

## 1.  THIRD NOTICE OF BANKRUPTCY STAY

ALL PARTIES ARE HEREBY AGAIN NOTIFIED that the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division, entered an Order of relief on behalf of defendant(s)/debtor(s), CHARLES MUSZYNSKI.

The debtor(s)/Defendant(s) filed petition under Title 11, Chapter 7 of the United States Code in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division, at 9:03 a.m. Central Time, on the 11th day of May, 2023. The Debtor(s) Case Number is: 23-90112.

Pursuant to Title 11, U.S.C. §362(a), all creditors of said Debtors are hereby stayed from the following as of the filing:

1. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtors that arose before the commencement of the case under this title;

2. the enforcement, against the Debtors or against property of the estate, of a judgment obtained before the commencement of the case under this title;

3. any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate;

4. any act to create, perfect, or enforce any lien against property of the estate;

5. any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

6. any act to collect, assess, or recover a claim that arose before the commencement of the case under this title against any claim against the Debtors;

7. the setoff of any debt owing to the Debtors that arose before the commencement of the case under this title against any claim against the Debtors; and

8. the commencement or continuation of a proceeding before the United States Tax Court concerning the Debtors.

Relief from the automatic stay may be sought by filing a Motion in the United States Bankruptcy Court, pursuant to 11 U.S.C. §362(d).

<u>VIOLATIONS OF THE AUTOMATIC STAY REFERENCED HEREIN MAY RESULT IN SANCTIONS.</u>

## 2. **RESPONSE AND OBJECTIONS TO INTERROGATORIES**

AN AUTOMATIC STAY HAS BEEN IN PLACE and Defendants object to the

requirement to respond to interrogatories, object to Plaintiffs' failure to withdraw the

hearing, and Plaintiffs' continued, willful violations of the automatic stay.

**INTERROGATORY NO. 1:** Identify each person or company who has prepared

Muszynski's tax returns, provided tax service to a company controlled by Muszynski or

provided Schedule K's to Muszynski from 1/1/2021 to present for any country in the world.

OBJECT. Violates the bankruptcy stay in place since 11 May 2023, presumes facts not

in evidence, nor lawfully before this Court, is contrary to facts already established, is overly

broad, lacks specificity, and presumes Muszynski controls any company.


**INTERROGATORY NO. 2:** Identify each and every email address you have used from

1/1/2021 to the present and provide the login credentials (username and password).


OBJECT. Violates the bankruptcy stay in place since 11 May 2023, presumes facts not

in evidence, nor lawfully before this Court, is overly broad, violates attorney/client privilege,

lacks specificity, and reaches beyond the scope of the proceedings, and is another willful

violation of the stay.

**INTERROGATORY NO. 3:** Identify every source of income/gross of over $25,0000

from 1/1/2021 to the present.

OBJECT. Violative of the bankruptcy stay in place since 11 May 2023,

presumes facts not in evidence nor lawfully before this Court, is overly broad, lacks specificity,

lacks timeframe, reference an indeterminate qualifying sum, and is another willful violation of

the stay.


**INTERROGATORY NO. 4:** Identify each trust for which you are a beneficiary and the

trustee name, address and contact information.

OBJECT. Presumes facts not in evidence, requires Debtor to violate laws in his
Jurisdiction, is another willful violation of the stay.


3. **OBJECTION TO SHOW CAUSE HEARING**

Defendants object to Plaintiffs' willful continuation of collection proceedings and activities, as lately evidenced by Plaintiffs' refusal to withdraw their unilaterally set Show Cause hearing on 1 June 2023 in Docket #486, (made without a meet and confer). Besides again willfully violating the stay, the Hearing is a redundant waste of the Court's time, needlessly repeats the same arguments as previously ruled upon by the Court on 12 May 2023, and exhibits Plaintiffs' continuation of vexatious lawfare since it serves no purpose other than assuagement of procedural concerns unrelated to the facts of the case.

WHEREFORE, Defendants request the Court honor the Federal Bankruptcy Stay in place since 11 May 2023 at 9:03 Central time by cancelling Plaintiffs' needless hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have forwarded a true and correct copy of the foregoing to Plaintiffs' attorney by email to CulpepperIP, LLC, 75-5915 Waiua Rd., Kailua Kona, Hawaii, 96740 via: kculpepper@culpepperip.com; and mailed to the Clerk of Court, U. S. District Court, 400 North Miami Avenue, Miami, Florida, 33128; on this 22nd day of May 2023.

BY _____
Charles Muszynski, pro se

Usfilefolder@protonmail.com

P. O. Box 1423
Basseterre, St. Kitts & Nevis

**EXHIBIT 3**
**Meet and confer emails exchanged 3 August 2023**

usfilefolder Mail | Proton Mail

## Re: Meet and confer

From    Kerry Culpepper <kculpepper@culpepperip.com>

To    usfilefolder<usfilefolder@protonmail.com>

Date    Thursday, August 3rd, 2023 at 11:41 AM


I don't understand the clarification that you want.

Get Outlook for iOS

**From:** usfilefolder <usfilefolder@protonmail.com>
**Sent:** Thursday, August 3, 2023 2:49:23 AM
**To:** kculpepper culpepperip.com <kculpepper@culpepperip.com>
**Subject:** Meet and confer

Mr. Culpepper - As a Debtor, I do not think this m&c entirely necessary given its nature but am providing it out of caution for compliance with local rules in both EDTX and SDFL.

I am going to request clarification from the Miami Court regarding its Order for the last-concluded "contempt" hearing prior to implementation of the stay as there appears to be differing opinion regarding the Court's Orders.

If you object, would you agree to a stipulated, limited modification of stay, only as it applies to clarification of the Miami Court's clarification?

cm


Sent with Proton Mail secure email.