IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES MUSZYNSKI | § | |
| xxx-xx-1273 | § | Case No. 23-90112 |
| P. O. Box 1423 | § | Chapter 7 |
| Basseterre, St. Kitts & Nevis | § | |
| Debtor | § | |

**DEBTOR'S SECOND MOTION FOR SANCTIONS UNDER 11 U.S.C. § 362(h) AND FEES FOR VIOLATIONS OF THE AUTOMATIC STAY**

**14-DAY NEGATIVE NOTICE – LBR 4001(a):**
**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUTCY JUDGE:

Debtor Charles Muszynski, pro se, moves this honorable Court to impose sanctions upon "movie company" Creditors and their counsels for multiple violations of this Court's Automatic Stay, Judgment Creditors and their Counsels include: MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., BEDEVILED LLC, MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., FSMQ FILM, LLC, FW PRODUCTIONS, LLC, MILLENNIUM IP, INC., I AM WRATH PRODUCTION, INC., KILLING LINK

DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., RUPTURE CAL, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., JUSTICE EVERYWHERE PRODUCTIONS LLC, STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, HITMAN TWO PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC and 42 VENTURES, LLC, CULPEPPERIP, LLLC, KERRY CULPEPPER INDIVIDUALLY, AND SRIPLAW, INC., AND JOEL ROTHMAN INDIVIDUALLY, collectively ("Judgment Creditors") and should be held in contempt and sanctioned for again ignoring and flouting this Automatic Stay entered 11 May 2023 Debtor's behalf and pursuant to 28 U.S.C §1651(a) (The All Writs Act), Fed. R. Civ. P. 26, 37 and 69 and this Court's inherent authority to enforce its orders.

## I. PRELIMINARY STATEMENT

1. Neither the 11 May 2023 Automatic Stay nor the 7 June 2023 S.D. FL Court's Order instituted to recognize this Court's automatic stay prevented Movie Creditors and their counselors, Kerry Culpepper and Joel Rothman, to cease contemptuous collection activities. On the contrary, Judgement Creditors and their counsels expanded their wrongful conduct by explicitly engaging in collection activities and filings and, emboldened after committing dozens of prior stay violations of the automatic stay, Judgement Creditors have expanded their conduct in what can only be interpreted as a total and intentional disregard for the authority of this Court (and that of the S.D. Florida Court, Case No.: 21-cv-20862-BLOOM/Otazo-Reyes MILLENNIUM FUNDING, INC., et al., Plaintiffs, vs. 1701 MANAGEMENT LLC, et al.,) and the validity of its Orders. It is now abundantly clear that only the full weight of the Court's coercive power can compel Judgement Creditors to comply with the Court's Orders and cease their harassment of Defendant/Debtor.

## II. FACTUAL BACKGROUND

2. On 11 May 2023, Defendant/Debtor filed application for bankruptcy with the E.D. Texas Bankruptcy Court and at two subsequent hearings in the S.D. Florida Court on 12 May 2023, announced that an automatic stay was in place as of 9:03 a.m. Central Time on that date.
3. "Movie company" Plaintiffs/Creditors counsels participated in both hearings.
4. On 19 May 2023, Defendant/Debtor filed Suggestion of Bankruptcy. See Doc. #490; 21-cv-20862.

5. On 30 May 2023, Defendant/Debtor filed a Notice of Bankruptcy. See Doc. #496, 21-cv-20862.

6. On 7 June 2023, the Court Ordered proceedings related to Muszynski stayed until further Order. See Doc. #502, 21-cv-20862.

7. Since entry of Defendant/Debtor's bankruptcy application on 11 May 2023, and this Court's Order on 7 June 2023, Doc. #502, 21-cv-20862, "movie company" Creditors' counsels have continuously violated the E.D. Texas Bankruptcy Court's stay and this Court's Order.

8. On 9 August 2023, Plaintiffs/Creditors filed Notice of Filing A Writ of Service. See Doc. #524, 21-cv-20862.

9. On 9 August 2023, Plaintiffs/Creditors filed Affidavit of Service By Philroy Walters. See Doc. #524-1, 21-cv-20862.

10. The Affidavit of Service by Philroy Walters states he served this Court's "...Writ of Garnishment [Doc. #324]" and "Order Granting Preliminary Injunction Restraining Assets [Doc. 399], "...on or about August 2nd, 12:45 pm...", in reference to "Charles Muszynski", and

11. The "...Writ of Garnishment [Doc. #324]" and "Order Granting Preliminary Injunction Restraining Assets [Doc. #399]" both are attempts at collection upon "Charles Muszynski", personally, Defendant/Debtor as exhibited in Doc. #324's screen shot and Doc. #399's with excerpts below from each:

Doc. #399:

**YOU ARE COMMANDED** to summon the garnishee, **Dusko Popov Trust**, to serve an answer to this writ on KERRY CULPEPPER, plaintiffs' attorney, whose address is, 75-170 HUALALAI ROAD, SUITE B204, KAILUA KONA, HI 96740 within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to Defendants 1701 MANAGEMENT LLC d/b/a LIQUIDVPN, AUH2O LLC AND/OR CHARLES MUSZYNSKI a/k/a FREDERICK DOUGLAS, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what **tangible and intangible personal property of the defendant the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ,** or at any time between such times, and whether the garnishee knows of any other person indebted to the defendants or who may be in possession or control of any of the tangible and intangible property of the defendants **and to hold pending court order any such personal property.** The amount set in plaintiff's motion is $15,497,199.46.

Doc. #524-1, page 2:

*"Service of Sapphire International Shield, LLC*

On or about August 2, 2023 at or about 12:00 pm, on behalf of Kerry S. Culpepper, Attorney on record for the Plaintiffs, whose office is situated at 75-170 Hualalai Road, Suite B204, Kailua Kona, HI 96740 USA, I personally served a true copy of the following documents in this matter on Sapphire International Shield, LLC: (i) Writ of Garnishment [Doc. #324] and (ii) Order Granting Preliminary Injunction Restraining Assets [Docs. #399]"

---

Doc. #399, p. 8, IV.:

### "IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [360]**, is **GRANTED** as follows:

(1) Judgment Debtors 1701 Management LLC, AUH2O LLC and Charles Muszynski and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Judgment Debtor having notice of this Order are restrained and enjoined until further order from this Court as follows"

---

12. Both excerpts reference and were employed in collection attempts on Charles Muszynski, Judgement Debtor, personally (see screenshot above from Doc. #324 after paragraph 11.

### III. LEGAL STANDARD
13. In re Garza, 605 B.R. 817 (Bankr. S.D. Tex. 2019) "The automatic stay provision of section 362(a) is a key component of federal bankruptcy law. The stay prohibits a wide range of actions taken by creditors against a debtor.
14. The legislative history of section 362(a) underscores its importance:
> "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."
15. The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.
16. Bankruptcy is designed to provide an orderly [reorganization or] liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

17. Section 362(k) allows an individual who was injured by a willful stay violation the ability to recover actual damages, including costs and attorneys' fees, and in certain circumstances, punitive damages. There are three elements to a 362(k) claim: (1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay. Movie creditors willful stay violations are evidenced herein in which they willfully violate all 3 pillars of 362(k)

18. The US Court of Appeals for the Second Circuit recently set a "bright-line rule" that if the debtor is a named party in a prepetition proceeding or action, the automatic stay applies to stop further proceedings under section 362(a)(1) of the Bankruptcy Code, even if the debtor's interest in the underlying property is merely possessory (Bayview Loan Servicing LLC v. Fogarty (In re Fogarty), 39 F.4th 62, 76 (2d Cir. 2022)).

19. An individual debtor who is injured by a willful violation of the automatic stay may recover actual damages, including costs, attorneys' fees, and, if appropriate, punitive damages (§ 362(k), Bankruptcy Code). Willfulness does not require that the creditor intended to violate the stay, but rather that its acts violating the stay were intentional (see California Coast Univ. v. Aleckna (In re Aleckna), 13 F.4th 337, 342 (3d Cir. 2021); University Med. Ctr. v. Sullivan (In re University Med. Ctr.), 973 F.2d. 1065, 1087 (3d Cir. 1992)).

20. In the instant case movie creditors willfully violated the automatic stay again and again and again. They clearl13. Fed. R. Civ. P. 69(a)(2) states that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person....as provided in these rules..."

## IV. ANALYSIS

### A. The Court's orders were valid, lawful, clear, definite and unambiguous.

18. This Court's Automatic Stay of 11 May 2023 was clear, definite and unambiguous.

19. "Movie companies" Judgment Creditors' counsels, in seeking discovery based on the Legal Standards cited above and fully available for their use intentionally disregarded one fact – that this Court Ordered their tools be holstered and to cease any collection activities related to Charles Muszynski, Defendant/Debtor as required by the Automatic Stay of 11 May 2023.

20. In addition to this Court's Automatic Stay, the Creditors and their counsels also violated the S.D. FL order as well:

> "Accordingly, it is **ORDERED AND ADJUDGED** as follows:
> 1. The Motion, **ECF No. [496]**, is **GRANTED**.
>
> 2. This Case is Stayed to the Extent Plaintiffs seek to collect on the Judgment entered in their favor and against Defendant Charles Muszynski.
>
> 3. All pending Motions involving Charles Muszynski are **STAYED**.

4. All other Post Judgment matters remain referred to Magistrate Judge Otazo-Reyes. *See* ECF No. [432]."

**B. "Movie company" Plaintiffs/Judgment Creditors knowingly violated the Stay of 7 June 2023, Doc. #502.**

20. "Movie company" Judgment Creditors' counsel Culpepper and Rothman's associates attended every hearing, including the 12 May 2023 hearing resulting in the subsequent Order of 26 May 2023 Doc. #483. During the hearing, he heard Muszynski state that the E.D. Texas Bankruptcy Court's automatic Stay was in effect. At the hearing subsequent, Culpepper heard the same statement. Yet he and Rothman continue to undertake collection actions, disregarding the S.D. Florida Court's Stay Order by attempting service of un-domesticated U.S. documents in a foreign country in attempts to collect against Defendant/Debtor.

**C. The Court should order that "movie companies" Judgment Creditors and their counsels, Kerry Culpepper and Joel Rothman, immediately retract their writ, cease their continuing attempts at collections against Defendant/Debtor, and, until proving they have done so to the Court's satisfaction, each be fined $1,500.00 per day until they comply with the Court's orders.**

21. Neither the E.D. Texas Bankruptcy Court's Automatic Stay nor the S.D. Florida Court's Order staying proceedings persuaded "movie companies" and their counsels' to comply. Indeed, given the severity, clear proof, and repeated history of behaviors by Rothman and Culpepper (Officers of the Court, Board Certified attorneys, one a former public prosecutor), and their ongoing, vexatious attempts to jail Debtor/Defendant for a debt, perhaps with the shoe on the other foot, this court should threaten them him with confinement as it appears that will be the only means to coerce them to comply with the Court Order.

**D. The Court should issue a standing order requiring "movie company" Judgment Creditors and their counsels be prohibited from taking any further collection actions and, if violated, impose an automatic penalty.**

22. In addition to the foregoing, Judgment Creditors and their counsels willful and repeated violations of this Court's Orders justify the entry of a standing order so that, rather than having repeatedly to file motions for orders to show cause hearings, Defendant/Debtor may simply file Notices of Violation of Automatic Stay with the Court identifying their further violations of this Court's Orders. "Movie companies" and their counsels (in their personal capacity and in their capacity as representatives of "movie companies") would then have a limited period (10 calendar days) to file paper under oath showing that they comply with the Order or explaining their non-compliance or why they were in compliance, or face further sanctions in accordance with the relief described above.

**V. CONCLUSION**

For the foregoing reasons, Defendant/Debtor respectfully requests that the Court include consideration of the most recent Automatic Stay violations at the upcoming hearing on 22 August 2023 and why Movie Creditors and their counsels should not be held in contempt for failing to comply with this Court's orders, order the Judgement Creditors and their counsels each be fined $1,500/day until the contempt is cured, and issue a Standing Order barring Judgment Creditors from entering further filings and/or issuing any other collection attempts unless submitted to the Court for its prior review and determination of appropriateness.

## CERTIFICATE OF SERVICE

I hereby certify that on 14 August 2023, I provided copies via FedEx to the Clerk of Court for publication to appropriate entities on the Court's docket and Creditor Mail Matrix.

Charles Muszynski, pro se
P. O. Box 1423
Basseterre
St. Kitts & Nevis, W.I.
usfilefolder@protonmail.com